■ GIOVANNI BATTAGLIA, Also Known as JOHN BATTAGLIA, et al., Respondents, v TOYS "R" US, INC., et al., Respondents-Appellants, and J.J. FLASH WELDING CORP., Doing Business as LIBERTY WELDING, Defendant and Third-Party Plaintiff-Respondent-Appellant. ELM TRANSIT MIX, Third-Party Defendant-Appellant-Respondent. [706 NYS2d 468] —In an action to recover damages for personal injuries, etc., (1) the third-party defendant Elm Transit Mix appeals, as limited by its

brief, from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), entered February 11, 1999, as denied its cross motion for summary judgment dismissing the third-party complaint and all claims insofar as asserted against it, (2) the defendant third-party plaintiff J.J. Flash Welding Corp., d/b/a Liberty Welding, cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, (3) the defendant Life Construction Co., Inc., s/h/a Life Concrete, separately cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, (4) the defendant Hutton Electrical Contracting Corp., d/b/a C & F Quality Commercial Contractors, separately cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (5) the defendant Toys "R" Us, Inc., separately cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it or, alternatively, for summary judgment on its cross claims.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs payable by the plaintiffs to the defendants and third-party defendant appearing separately and filing separate briefs, the respective motion and cross motion of the defendants J.J. Flash Welding Corp., d/b/a Liberty Welding, and Life Construction Co., Inc., s/h/a Life Concrete, are granted, those branches of the respective cross motions of the defendants Hutton Electrical Contracting Corp., d/b/a C & F Quality Commercial Contractors, and Toys "R" Us, Inc., which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them are granted, the cross motion of the third-party defendant Elm Transit Mix is granted, and the complaint, the third-party complaint, and all cross claims are dismissed in their entirety.

The plaintiff Giovanni Battaglia a/k/a John Battaglia allegedly fell and was injured when he stepped on a chipped portion of one of the concrete stairs at the entrance to a Toys "R" Us store in Commack. He and his wife subsequently commenced this action against the owner of the store, Toys "R" Us, Inc., and the contractor and subcontractors (hereinafter the contractor defendants) involved in the construction of the steps ap-

proximately four months before Mr. Battaglia's accident. One of the subcontractors then commenced a third-party action against the company which supplied the cement for the steps, after which other defendants interposed claims against the third-party defendant. When depositions were completed, the defendants moved for summary judgment, *inter alia*, dismissing the complaint and all cross claims insofar as asserted against each of them and the third-party defendant moved for summary judgment dismissing the third-party complaint and all claims asserted against it.

The contractor defendants and the third-party defendant demonstrated their entitlement to judgment as a matter of law by submitting evidence establishing that the chip in the step was not caused by the defective construction of the stairs. Toys "R" Us also demonstrated its entitlement to judgment as a matter of law by submitting evidence that it did not create the allegedly defective condition and that it had no actual or constructive notice of the condition (*see, Gordon v American Museum of Natural History,* 67 NY2d 836). In opposition to the various motions, the plaintiffs failed to come forward with evidence sufficient to raise triable issues of fact. The plaintiffs' conclusory and unsubstantiated assertions were insufficient to defeat the motions (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Consequently, the Supreme Court erred in denying summary judgment.

In light of our determination, it is unnecessary to address the parties' remaining contentions. Santucci, J. P., Joy, Sullivan and Altman, JJ., concur.