■ ROBERT TAYLOR, Plaintiff, v DORAL INN et al., Defendants and Third-Party Plaintiffs-Respondents, SLC OPERATING LIMITED PARTNERSHIP, Respondent, et al., Defendants. REACT INDUSTRIES, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [739 NYS2d 748] —In an action to recover damages for personal injuries, the defendant third-party defendant React Industries, Inc., appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated April 4, 2001, as granted that branch of the motion of the defendants third-party plaintiffs, the defendant-respondent SLC Operating Limited Partnership, and Starlex, LLC, for summary judgment on the causes of action in the third-party complaint to recover damages for breach of contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Robert Taylor allegedly was injured in a construction accident at the premises of the defendant third-party plaintiff Doral Inn. The defendant third-party plaintiff

Structure Tone, Inc. (hereinafter Structure Tone), was the general contractor performing the construction work in question. Structure Tone hired the defendant third-party defendant React Industries, Inc. (hereinafter React), to perform certain work, and React hired Taylor's employer, the third-party defendant OMC, Inc. (hereinafter OMC). The defendants third-party plaintiffs moved, inter alia, for summary judgment on their causes of action alleging that React breached its contractual agreement to procure liability insurance naming them as additional insureds. The Supreme Court granted summary judgment and we affirm.

In opposition to the defendants third-party plaintiffs' prima facie demonstration of entitlement to judgment as a matter of law, React failed to raise a triable issue of fact regarding its compliance with its contractual obligation to procure liability insurance naming the defendants third-party plaintiffs as additional insureds. Thus, React is liable to the defendants third-party plaintiffs for all out-of-pocket damages caused by the breach (see *Inchaustegui v 666 5th Ave. Ltd. Partnership,* 96 NY2d 111, 114; *Kinney v Lisk Co.,* 76 NY2d 215; cf. *Reynolds v County of Westchester,* 270 AD2d 473, 474).

React's remaining contentions are without merit. Ritter, J.P., O'Brien, Krausman and Adams, JJ., concur.