■ NICOLE TAYLOR, Respondent, v GANNETT CO., INC., et al., Respondents-Appellants, SHELTER EXPRESS, INC., Appellant-Respondent, et al., Defendants. [760 NYS2d 47] —In an action to recover damages for personal injuries, the defendant Shelter Express, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Mason, J.), dated February 5, 2002, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendants Gannett Co., Inc., Gannett Transit, Inc., New York Shelter Media, Inc., and New York Subways Advertising Co., Inc., cross-appeal from so much of the same order as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them and for summary judgment on their cross claims for indemnification and to recover damages for breach of a contract to procure insurance naming them as additional insureds.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying those branches of the motion of Shelter Express, Inc., which were for summary judgment dismissing the complaint insofar as asserted against it and so much of the first cross claim of the defendants Gannett Co.,

Inc., Gannett Transit, Inc., New York Shelter Media, Inc., and New York Subways Advertising Co., Inc., as is against it for contribution, and substituting therefor provisions granting those branches of the motion, and (2) deleting the provision thereof denying that branch of the cross motion which was for summary judgment on the third cross claim of those defendants to recover damages for breach of a contract to procure insurance naming them as additional insureds and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements, the complaint is dismissed insofar as asserted against Shelter Express, Inc., the action against the remaining defendants is severed, the cross claims against Shelter Express, Inc., for indemnification and to recover damages for breach of a contract to procure insurance naming them as an additional insured are converted into a third-party action against the defendant Shelter Express, Inc., and the title of the action shall be amended accordingly.

The plaintiff claims that she sustained personal injuries resulting from an alleged defect in a bus shelter maintained by the defendants Gannett Co., Inc., Gannett Transit, Inc., New York Shelter Media, Inc., and New York Subways Advertising Co., Inc. (hereinafter Gannett), under a franchise agreement with the City of New York. Gannett hired Shelter Express, Inc. (hereinafter Shelter Express) to maintain and clean the bus shelter.

The plaintiff commenced this action and Gannett cross-claimed against Shelter Express for contribution, common-law and contractual indemnification, and to recover damages for breach of contract based upon the failure of Shelter Express to name Gannett as an additional insured on its liability policy. The Supreme Court denied the motion of Shelter Express for summary judgment dismissing the complaint insofar as asserted against it and Gannett's cross claims against it, and denied Gannett's cross motion for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its cross claims for indemnification and to recover damages for breach of contract. We modify.

Gannett can be held liable to the plaintiff as a managing agent (*see Felder v R & K Realty,* 295 AD2d 560 [2002]; *Ingordo v Square Plus Operating Corp.,* 276 AD2d 528 [2000]; *Ioannidou v Kingswood Mgt. Corp.,* 203 AD2d 248 [1994]). However, the maintenance contract between Gannett and Shelter Express did not constitute a comprehensive and exclusive obligation which the parties could have reasonably expected to displace

Gannett's duties (*see Church v Callanan Indus.*, 99 NY2d 104 [2002]; *Cochrane v Warwick Assoc.*, 282 AD2d 567 [2001]; *Galetti v Coyne Textile Serv.*, 271 AD2d 406 [2000]). Therefore, Shelter Express cannot be held directly liable to the plaintiff. Accordingly, the complaint insofar as asserted against Shelter Express and so much of Gannett's first cross claim as is against it for contribution must be dismissed (*see Cochrane v Warwick Assoc., supra*). There are issues of fact which preclude the granting of summary judgment with respect to indemnification.

However, that branch of Gannett's cross motion which was for summary judgment on its cross claim to recover damages for breach of contract should have been granted. The contract clearly required Shelter Express to name Gannett as an additional insured on its liability policy. In opposition to Gannett's prima facie showing of entitlement to judgment as a matter of law, Shelter Express failed to present any evidence to establish its compliance with that obligation. Accordingly, Shelter Express is liable to Gannett for all out-of-pocket damages caused by the breach (*see Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111, 114 [2001]; *Taylor v Doral Inn*, 293 AD2d 524 [2002]).

The parties' remaining contentions are without merit. Goldstein, J.P., Adams, Townes and Crane, JJ., concur.