■ FRIDA SHALAMAYEVA, Appellant, v PARK 83RD STREET CORP., Respondent. [820 NYS2d 607]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County, (LeVine, J.), dated April 13, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff allegedly tripped and fell over a height differential of approximately 1³/₄ inches between the concrete walkway and a raised platform area abutting the entrance of

the defendant's building. The plaintiff alleged, inter alia, that it was dark outside and that the area was not properly illuminated at the time of the accident.

Whether a dangerous condition exists on real property so as to create liability on the part of the landowner depends on the particular circumstances of each case and is generally a question of fact for the jury (see *Trincere v County of Suffolk,* 90 NY2d 976 [1997]). Here, the defendant failed to establish, prima facie, that the difference in elevation between the concrete walkway and the platform was trivial and nonactionable as a matter of law (see *Fasano v Green-Wood Cemetery,* 21 AD3d 446 [2005]). Moreover, the evidence tendered by the defendant failed to address the plaintiff's allegations that inadequate lighting was a proximate cause of the accident (see *Miner v Northport Yacht Club,* 15 AD3d 362 [2005]; *Scher v Stropoli,* 7 AD3d 777 [2004]; *Swerdlow v WSK Props. Corp.,* 5 AD3d 587, 588 [2004]). Inasmuch as the defendant failed to establish its prima facie entitlement to judgment as a matter of law, the burden never shifted to the plaintiff to establish the existence of a triable issue of fact, and the sufficiency of the plaintiff's papers need not be considered (see *Ayotte v Gervasio,* 81 NY2d 1062 [1993]).

The defendant's remaining contentions are without merit. Florio, J.P., Skelos, Fisher and Dillon, JJ., concur.