SHARONELL HERRING, Appellant, v LEFRAK ORGANIZATION et al., Respondents. [821 NYS2d 624]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated February 17, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff allegedly fell in the parking lot of a building owned and maintained by the defendants. The area where she fell, located near the entrance of the building, was cracked. At the time, the plaintiff was carrying her three-year-old son in her arms and running away from a pit bull.

"Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts and circumstances of each case, and is properly a question of fact for the jury" (Riser v New York City Hous. Auth., 260 AD2d 564 [1999]; see Corrado v City of New York, 6 AD3d 380 [2004]). However, injuries resulting from trivial defects are not actionable, and in

determining whether a defect is trivial a court must examine all "the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place, and circumstance' of the injury" (*Trincere v County of Suffolk,* 90 NY2d 976, 978 [1997], quoting *Caldwell v Village of Is. Park,* 304 NY 268 [1952]; *see Corrado v City of New York, supra*).

Here, the defendants' showing in support of the motion for summary judgment, which included photographs of the accident site, was insufficient to demonstrate as a matter of law that the allegedly defective condition was too trivial to be actionable (*see Fairchild v J. Crew Group, Inc.,* 21 AD3d 523 [2005]; *Gray v New York City Tr. Auth.,* 12 AD3d 638 [2004]; *Corrado v City of New York, supra*). Accordingly, the Supreme Court should have denied the defendants' motion. Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.