■ Ellen Portanova, Respondent, v Angelo Kantlis et al., Appellants, et al., Defendant. (And a Third-Party Action.) [833 NYS2d 652]—

In an action to recover damages for personal injuries, the defendants Angelo Kantlis and Georgia Kantlis appeal, as limited by their notice of appeal and brief, from so much of an

order of the Supreme Court, Queens County (Schulman, J.), dated September 8, 2006, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Generally, the issue of whether a dangerous or defective condition exists on the property of another depends on the peculiar circumstances of each case and presents a question of fact for the jury. However, trivial defects are not actionable. In determining whether a defect is trivial, a court must examine all of the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect, along with the time, place, and circumstances of the injury (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Mishaan v Tobias*, 32 AD3d 1000 [2006]; *Herring v Lefrak Org.*, 32 AD3d 900 [2006]).

Here, the defendants failed to make a prima facie showing that the alleged sidewalk defect was too trivial to be actionable. They submitted conflicting evidence regarding the height of the alleged defect. The photographs submitted, together with the other evidence regarding the circumstances of the accident, raise questions of fact as to whether the alleged defect was too trivial to be actionable, and whether it constituted a trap, snare, or nuisance (*see Mishaan v Tobias, supra*; *Maxson v Brentwood Union Free School Dist.*, 31 AD3d 506 [2006]; *Adsmond v City of Poughkeepsie*, 283 AD2d 598 [2001]; *Tesak v Marine Midland Bank*, 254 AD2d 717 [1998]). Spolzino, J.P., Goldstein, Fisher and McCarthy, JJ., concur.