■ MARGARITA MORALES et al., Appellants, v SHELTER EXPRESS CORPORATION et al., Respondents, et al., Defendants. [844 NYS2d 368]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Cullen, J.), dated May 23, 2006, as granted that branch of the motion of the defendant Viacom Outdoor, Inc., incorrectly sued herein as Outdoor Systems, Inc., also known as Viacom Outdoor, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the cross motion of the defendant Shelter Express Corporation which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly granted that branch of the motion of the defendant Viacom Outdoor, Inc., incorrectly sued herein as Outdoor Systems, Inc., also known as Viacom Outdoor, Inc. (hereinafter Viacom), which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs failed to raise a triable issue of fact in response to Viacom's prima facie showing that it had no actual or constructive notice of a defective condition in the glass of the bus shelter where the accident occurred (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Mercer v City of New York*, 223 AD2d 688 [1996], *affd* 88 NY2d 955 [1996]).

The Supreme Court also properly granted that branch of the cross motion of the defendant Shelter Express Corporation (hereinafter Shelter Express) which was for summary judgment dismissing the complaint insofar as asserted against it. The maintenance contract entered into by Shelter Express with Viacom's predecessor in interest did not constitute a comprehensive and exclusive obligation which displaced the owner's duty to safely maintain the bus shelter where the accident occurred (*see Church v Callanan Indus.*, 99 NY2d 104, 111-112 [2002]; *Patterson v New York City Tr. Auth.*, 5 AD3d 454, 456 [2004]; *Taylor v Gannett Co.*, 303 AD2d 397, 398-399 [2003]). Thus, the plaintiffs failed to raise a triable issue of fact in response to Shelter Express's prima facie showing that it owed the plaintiffs no duty of care (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]).

The parties' remaining contentions either need not be reached in light of this determination or are without merit. Rivera, J.P., Krausman, Florio and Dillon, JJ., concur.