■ HARRY EAGLE, Respondent, v CHELSEA PIERS, L.P., et al., Appellants-Respondents, and MAJESTIC VOYAGES, INC., Respondent-Appellant. [848 NYS2d 59]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered May 4, 2006, which denied the motion of defendants Chelsea Piers, L.P. and Chelsea Piers Management, Inc. (collectively Chelsea) and the cross motion of defendant Majestic Voyages, Inc. (Majestic) for summary judgment dismissing the complaint, and which denied that part of Chelsea's motion for summary judgment on their cross claims against Majestic for common-law and contractual indemnification, and which granted so much of Chelsea's motion for summary judgment on their cross claim against Majestic for breach of contract, unanimously modified, on the law, to the extent of granting Chelsea conditional summary judgment on the cross claim for contractual indemnification, and otherwise affirmed, without costs.

Plaintiff commenced this action against Chelsea and Majestic for injuries he allegedly sustained when he was caused to fall off his bicycle while riding over a water hose stretched along the bicycle/pedestrian pathway of Pier 60 at Chelsea Piers. Majestic owned a vessel that was docked at the pier at the time of plaintiff's accident pursuant to a lease with Chelsea, and ran the garden-type hose from the vessel across the subject pathway to a water supply inside the pier's motor vehicle parking area.

Denial of Chelsea and Majestic's applications for summary judgment was appropriate since a garden hose strewn across a paved bicycle path is not a risk inherent to the sport of bicycling in an urban area, and thus, the doctrine of assumption of risk does not serve as a bar to plaintiff's action (*see Morgan v State of New York*, 90 NY2d 471, 484 [1997]). Nor was Chelsea entitled to summary judgment on the ground of lack of notice since there are triable issues concerning whether Chelsea was aware of Majestic's recurrent, dangerous practice of improperly placing the hose across the subject bicycle path (*see O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, 106-107 [1996]).

The court also properly granted so much of Chelsea's motion for summary judgment on their cross claim against Majestic for breach of contract. It is undisputed that Majestic failed to name Chelsea as an additional insured under its liability policy as it was required to do pursuant to the parties' lease (*see Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111, 114 [2001]; *Taylor v Gannett Co.*, 303 AD2d 397, 399 [2003]).

However, the court improperly denied that branch of Chelsea's

motion for summary judgment on their cross claim against Majestic for contractual indemnification. Chelsea established that the right to indemnification was based upon an express contract (*see Cunningham v Alexander's King Plaza, LLC*, 22 AD3d 703, 707 [2005]), and an award of conditional summary judgment on the cross claim is appropriate. In view of this conclusion, there is no need to address Chelsea's request for summary judgment on the cross claim for common-law indemnification.

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Friedman, Williams, McGuire and Kavanagh, JJ.