■ KIM BOXER et al., Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants, and BAKER's DOZEN BAGEL CORP., Respondent, et al., Defendants. [859 NYS2d 709]—

In an action to recover damages for personal injuries, etc., the defendants Metropolitan Transportation Authority, Long Island Rail Road, and MLC Management Corp. appeal from an order of the Supreme Court, Queens County (Kerrigan, J.), dated May 16, 2007, which, inter alia, denied their motion for summary judgment dismissing the complaint insofar as asserted against them and for summary judgment on their cross claims against the defendant Baker's Dozen Bagels Corp. for contractual indemnification and breach of the contract to procure insurance, and granted the cross motion of the defendant Baker's Dozen Bagel Corp. for summary judgment dismissing their cross claims for contractual indemnification and breach of the contract to procure insurance.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying that branch of the motion of the defendants Metropolitan Transportation Authority, Long Island

Rail Road, and MLC Management Corp. which was for summary judgment on their fourth cross claim to recover damages for breach of the contract to procure insurance naming them as additional insureds and granting that branch of the cross motion of the defendant Baker's Dozen Bagel Corp. which was for summary judgment dismissing that cross claim, and substituting therefor provisions granting that branch of the motion and denying that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The injured plaintiff (hereinafter the plaintiff) allegedly tripped on a crack in a public sidewalk abutting property owned by the defendant Long Island Rail Road (hereinafter the LIRR), leased to the defendant MLC Management Corp. (hereinafter MLC), and subleased to the defendant Baker's Dozen Bagel Corp. (hereinafter Baker's Dozen). The alleged defect in the sidewalk was estimated by the plaintiff to be one inch in height, and by the defendants to be between one-quarter and one-half inch in height. The defendants Metropolitan Transportation Authority, LIRR, and MLC (hereinafter collectively the MTA defendants) contend that the defect is trivial, and, therefore, was not actionable.

"[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]). Rather, a court must look at the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978 [citations omitted]). Here, the MTA defendants failed to make a prima facie showing that the alleged sidewalk defect was too trivial to be actionable. The evidence submitted regarding the circumstances of the accident, including the deposition testimony, raises issues of fact as to whether the alleged defect was too trivial to be actionable (*see Portanova v Kantlis*, 39 AD3d 731, 732 [2007]; *Mishaan v Tobias*, 32 AD3d 1000 [2006]; *Maxson v Brentwood Union Free School Dist.*, 31 AD3d 506 [2006]; *Adsmond v City of Poughkeepsie*, 283 AD2d 598 [2001]; *Tesak v Marine Midland Bank*, 254 AD2d 717 [1998]). Accordingly, the Supreme Court correctly denied that branch of the MTA defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

However, the Supreme Court erred in denying that branch of the MTA defendants' motion which was for summary judgment on their fourth cross claim to recover damages for breach of the contract to procure insurance naming them as additional

insureds. The lease between the MTA defendants and Baker's Dozen Bagel Corp. clearly required the latter to procure liability insurance naming the MTA defendants as insureds. In opposition to the MTA defendants' prima facie showing of entitlement to judgment as a matter of law, Baker's Dozen failed to present any evidence to establish its compliance with its contractual obligation to obtain liability insurance naming the MTA defendants as an additional insureds (*see Chaehee Jung v Kum Gang, Inc.*, 22 AD3d 441, 443 [2005]; *Taylor v Gannett Co.*, 303 AD2d 397 [2003]; *see also Eagle v Chelsea Piers, L.P.*, 46 AD3d 367, 368 [2007]). Thus, the MTA defendants were entitled to summary judgment on their cross claim for breach of contract (*see Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111, 114 [2001]; *Taylor v Gannett Co.*, 303 AD2d at 397; *Taylor v Doral Inn*, 293 AD2d 524 [2002]; *see also Eagle v Chelsea Piers, L.P.*, 46 AD3d at 368; *Chaehee Jung v Kum Gang, Inc.*, 22 AD3d at 443). For similar reasons, the Supreme Court should have denied that branch of the cross motion of Baker's Dozen which was for summary judgment dismissing the MTA defendants' fourth cross claim asserted against it (*see Chaehee Jung v Kum Gang, Inc.*, 22 AD3d at 443).

The MTA defendants' remaining contentions are without merit. Spolzino, J.P., Lifson, Florio and Dickerson, JJ., concur.