■ Barbara Hahn, Appellant, v Kenneth Wilhelm et al., Respondents. [865 NYS2d 240]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 26, 2007, as granted that branch of the motion of the defendant Kenneth Wilhelm which was for summary judgment dismissing the complaint insofar as asserted against him and, upon searching the record, awarded summary judgment dismissing the complaint insofar as asserted against the defendant Xavier's Restaurant Corporation, doing business as Cilantro's.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Kenneth Wilhelm which was for summary judgment dismissing the complaint insofar as asserted against him, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was injured when she tripped and fell on an asphalt-covered sidewalk near the entrance of a restaurant operated by the defendant Xavier's Restaurant Corporation, doing business as Cilantro's (hereinafter Xavier's Restaurant). The plaintiff claims that the accident occurred when her foot became caught in a cracked and uneven portion of the sidewalk. Xavier's Restaurant is located in a strip mall owned by the defendant Kenneth Wilhelm. After depositions were conducted, Xavier's Restaurant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it on the ground that it had no duty to maintain the subject sidewalk under the terms

of its lease with Wilhelm. Wilhelm then separately moved, among other things, for summary judgment, contending that the alleged defect in the sidewalk was too trivial to be actionable. The Supreme Court denied Xavier Restaurant's motion for summary judgment, concluding that it had failed to sustain its burden of making a prima facie showing that it had no duty to maintain the subject sidewalk. However, the court granted Wilhelm's motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against him on the ground that the subject defect was trivial and, upon searching the record, also awarded summary judgment to Xavier's Restaurant on this ground.

On appeal, the plaintiff contends that the Supreme Court erred in awarding both defendants summary judgment on the ground that the defect which caused her fall was trivial. We agree. The issue of whether a dangerous condition exists on real property depends on the particular facts and circumstances of each case, and generally presents a question of fact for the jury (*see Trincere v County of Suffolk,* 90 NY2d 976 [1997]; *Portanova v Kantlis,* 39 AD3d 731 [2007]; *Mishaan v Tobias,* 32 AD3d 1000 [2006]; *Herring v Lefrak Org.,* 32 AD3d 900 [2006]). However, injuries resulting from trivial defects are not actionable, and in determining whether a defect is trivial, a court must take account of all "the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect along with the 'time, place, and circumstance' of the injury" (*Trincere v County of Suffolk,* 90 NY2d 976, 978 [1997], quoting *Caldwell v Village of Is. Park,* 304 NY 268 [1952]; *see Portanova v Kantlis,* 39 AD3d 731 [2007]; *Herring v Lefrak Org.,* 32 AD3d 900 [2006]).

Here, Wilhelm failed to make a prima facie showing that the alleged defect upon which the plaintiff tripped was too trivial to be actionable. In support of his motion, Wilhelm relied upon the affidavit of an expert who inspected and photographed the accident site over $2^{1}/_{2}$ years after the plaintiff's fall. The appearance of the defect as depicted in the photographs taken by the expert was noticeably different from its appearance as depicted in the photographs which the parties used for identification purposes during their depositions. Moreover, the deposition testimony of the president of Xavier's Restaurant, which Wilhelm submitted in support of his motion, revealed that a subsequent repair had been made to the accident site. Under these circumstances, the expert's affidavit and photographs were insufficient to establish that no actionable defect existed at the time of the accident (*see Ferington v Dudkowski,* 49 AD3d

1267 [2008]; *Lal v Ching Po Ng,* 33 AD3d 668 [2006]). Furthermore, the deposition testimony of the parties, and the photographs identified by the plaintiff and the president of Xavier's Restaurant as depicting the defect at the time of the accident, demonstrated that a triable issue of fact exists as to whether the defect was trivial (*see Portanova v Kantlis,* 39 AD3d 731, 732 [2007]; *Herring v Lefrak Org.,* 32 AD3d 900, 901 [2006]; *Shalamayeva v Park 83rd St. Corp.,* 32 AD3d 387, 388 [2006]; *Fairchild v J. Crew Group, Inc.,* 21 AD3d 523 [2005]).

As an alternative ground for affirmance, Wilhelm contends that he cannot be held liable for the accident because he had no notice of the subject defect in the sidewalk (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539 [1983]). However, Wilhelm failed to make a prima facie showing of his entitlement to summary judgment on this ground because he submitted no evidence showing that the defect existed for an insufficient length of time to have discovered and remedied it (*see Wheaton v East End Commons Assoc., LLC,* 50 AD3d 675 [2008]; *Sampino v Crescent Assoc., LLC,* 34 AD3d 779 [2006]; *Pearson v Parkside Ltd. Liab. Co.,* 27 AD3d 539 [2006]).

The Supreme Court properly awarded summary judgment to Xavier's Restaurant on the alternative ground that it had no contractual obligation to maintain and repair the sidewalk where the accident occurred, and did not occupy or control this area (*see Wheaton v East End Commons Assoc., LLC,* 50 AD3d 675, 676-677 [2008]; *Morgan v Chong Kwan Jun,* 30 AD3d 386, 388 [2006]; *Marrone v South Shore Props.,* 29 AD3d 961, 963 [2006]; *DePompo v Waldbaums Supermarket,* 291 AD2d 528, 529 [2002]). In this regard, we note that while the lease between Xavier's Restaurant and Wilhelm required the tenant to keep the leased premises, including exterior entrances, "in good order, condition and repair," the plaintiff's accident occurred on the sidewalk near a wooden deck which led to the entrance of the restaurant. This area was not part of the leased premises which Xavier's Restaurant was required to keep in good repair. Moreover, under the terms of the lease, the landlord retained exclusive control and management over the portions of the strip mall which were provided for the common use of all tenants, employees, and customers. Spolzino, J.P., Santucci, Eng and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 30815(U).]