In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated March 25, 2008, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
On September 15, 2005, the plaintiff was a guest at the Rocking Horse Ranch (hereinafter the Ranch) participating in a conference sponsored by her employer. The plaintiff and a coworker were walking on the driveway in front of the main entrance to the Ranch when the plaintiffs left foot allegedly became stuck in a hole, causing her to fall and sustain injuries. The plaintiff commenced this action against the defendant Rocking Horse Ranch Corporation, which moved for summary judgment dismissing the complaint on the ground that the alleged defect was too trivial to be actionable. The Supreme Court denied the defendant’s motion. We affirm.
“The issue of whether a dangerous condition exists on real property depends on the particular facts and circumstances of each case, and generally presents a question of fact for the jury” (Hahn v Wilhelm, 54 AD3d 896, 898 [2008]; see Trincere v County of Suffolk, 90 NY2d 976 [1997]). However, injuries resulting from trivial defects are not actionable (see Hahn v Wilhelm, 54 AD3d at 898; Portanova v Kantlis, 39 AD3d 731, 732 [2007]; Herring v Lefrak Org., 32 AD3d 900 [2006]). A court determining whether or not a defect is trivial must examine “the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect along with the ‘time, place and circumstance’ of the injury” (Trincere v County of Suffolk, 90 NY2d at 978, quoting Caldwell v Village of Is. Park, 304 NY 268, 274 [1952]; see Boxer v Metropolitan Transp. Auth., 52 AD3d 447, 448 [2008]; Maxson v Brentwood Union Free School Dist., 31 AD3d 506, 507 [2006]; Fairchild v J. Crew Group, Inc., 21 AD3d 523, 524 [2005]; Corrado v City of New York, 6 AD3d 380 [2004]). “[T]here is no ‘minimal dimension test’ or per se rule that a defect must be of a certain height or depth in order to be actionable” (Trincere v County of Suffolk, 90 NY2d at 977).
Here, the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law. Contrary to the defendant’s contention, the evidence submitted in support of its motion for summary judgment, including the purported *712 photographs of the accident site that were of poor quality, were insufficient to demonstrate, as a matter of law, that the alleged driveway condition was too trivial to be actionable (see Hahn v Wilhelm, 54 AD3d at 898-899; Boxer v Metropolitan Transp. Auth., 52 AD3d at 448; Portanova v Kantlis, 39 AD 3d at 732; Herring v Lefrak Org., 32 AD3d at 901; Maxson v Brentwood Union Free School Dist., 31 AD3d at 507; Corrado v City of New York, 6 AD3d at 380). Accordingly, the Supreme Court properly denied the defendant’s motion for summary judgment.
The defendant’s remaining contentions either are without merit or have been rendered academic by our determination. Ritter, J.E, Florio, Miller and Dillon, JJ., concur.