■ NERTHA DeLaRosa, Appellant, v CITY OF NEW YORK, Defendant, and BROADWAY CRESCENT REALTY, INC., et al., Respondents. [877 NYS2d 439]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered October 24, 2007, as granted that branch of the motion of the defendants Broadway Crescent Realty, Inc., and M&N Management Corp. which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Broadway Crescent Realty, Inc., and M&N Management Corp. which was for summary judgment dismissing the complaint insofar as asserted against them is denied.

On January 31, 2005, the plaintiff was allegedly injured when, while walking on a sidewalk owned, controlled, and maintained by the defendants Broadway Crescent Realty, Inc., and M&N Management Corp. (hereinafter together the defendants), she tripped and fell due to a height differential between two concrete slabs. Contending that the defective condition that purportedly caused the plaintiff's accident was too trivial to be actionable, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court granted that branch of the defendants' motion. We reverse the order insofar as appealed from.

Generally, the issue of whether a dangerous or defective condition exists on real property depends on the particular facts of each case, and is properly a question of fact for the trier of fact (*see Trincere v County of Suffolk,* 90 NY2d 976, 977 [1997]). However, a property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Taussig v Luxury Cars of Smithtown, Inc.,* 31 AD3d 533, 533-534 [2006]). In determining whether a defective condition is trivial as a matter of law, a court must examine the facts pre-

sented, including the width, depth, elevation, irregularity, and appearance of the condition, along with the time, place, and circumstances of the injury (*see Trincere v County of Suffolk*, 90 NY2d at 978). There is no "minimal dimension test" or "per se rule" that the condition must be of a certain height or depth in order to be actionable (*Trincere v County of Suffolk*, 90 NY2d at 977).

Here, the defendants failed to make a prima facie showing that the allegedly defective condition at issue was trivial and, thus, not actionable. The evidence submitted in support of the motion, which included the plaintiff's description of the condition at her deposition, as well as the affidavit of an expert who inspected and photographed the accident site over two years after the accident, failed to demonstrate that the condition was trivial as a matter of law (*see Hahn v Wilhelm*, 54 AD3d 896, 898-899 [2008]; *Boxer v Metropolitan Transp. Auth.*, 52 AD3d 447, 448 [2008]; *Portanova v Kantlis*, 39 AD3d 731, 732 [2007]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers (*see Shalamayeva v Park 83rd St. Corp.*, 32 AD3d 387, 388 [2006]). Santucci, J.P., Florio, Covello and Dickerson, JJ., concur.