■ Josephine Bolloli, Respondent, v Waldbaum, Inc., et al., Appellants [896 NYS2d 400]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 15, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On June 16, 2006, the plaintiff drove to a Waldbaum's supermarket to do some grocery shopping. The plaintiff alleged that after she parked, she exited her vehicle and was walking in the parking lot towards the supermarket when she stepped in a pothole near the supermarket's entrance, causing her to fall and sustain injuries. The plaintiff commenced this action against Waldbaum, Inc., and later added its corporate parent, the Great Atlantic & Pacific Tea Company, as a defendant. The defendants moved for summary judgment dismissing the complaint on the grounds that the alleged defect was trivial and, therefore, not actionable and that they did not have notice of the alleged defect. The Supreme Court denied the defendants' motion. We affirm.

"The issue of whether a dangerous condition exists on real property depends on the particular facts and circumstances of each case, and generally presents a question of fact for the jury" (Hahn v Wilhelm, 54 AD3d 896, 898 [2008]; see Trincere v County of Suffolk, 90 NY2d 976 [1997]). However, injuries resulting from trivial defects are not actionable (see Hahn v Wilhelm, 54 AD3d at 896; Portanova v Kantlis, 39 AD3d 731, 732 [2007]; Herring v Lefrak Org., 32 AD3d 900 [2006]).

In determining whether a defect is trivial, a court must take into account "the facts presented, including the width, depth,

elevation, irregularity, and appearance of the defect along with the 'time, place and circumstance' of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]; *see Boxer v Metropolitan Transp. Auth.*, 52 AD3d 447, 448 [2008]; *Maxson v Brentwood Union Free School Dist.*, 31 AD3d 506, 507 [2006]; *Fairchild v J. Crew Group, Inc.*, 21 AD3d 523, 524 [2005]; *Corrado v City of New York*, 6 AD3d 380 [2004]). In considering the various factors, the Court of Appeals has made it clear that "there is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere v County of Suffolk*, 90 NY2d at 977), and that "a mechanistic disposition of a case based exclusively on the dimension of the . . . defect is unacceptable" (*id.* at 977-978).

Furthermore, "[a]n owner of premises cannot be held liable for injuries caused by an allegedly defective condition unless the plaintiff establishes that the owner either created or had actual or constructive notice of the condition" (*Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473, 474-475 [2004]; *see Battaglia v Toys "R" Us*, 271 AD2d 627, 629 [2000]; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

To permit a finding of constructive notice, "a condition must be visible and apparent, and must exist for a sufficient length of time before the accident to permit the defendant to discover and remedy it" (*Deveau v CF Galleria at White Plains, LP*, 18 AD3d 695, 695 [2005]; *see Gordon v American Museum of Natural History*, 67 NY2d at 837; *Stone v Long Is. Jewish Med. Ctr.*, 302 AD2d 376 [2003]). Furthermore, "[a] photograph may be used to prove constructive notice of an alleged defect shown in the photograph if it was taken reasonably close to the time of the accident and there is testimony that the condition at the time of the accident was substantially as shown in the photographs" (*Lustenring v 98-100 Realty*, 1 AD3d 574, 577 [2003]).

Here, the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law. Contrary to the defendants' contention, the evidence submitted in support of their motion for summary judgment, including the deposition testimony of the plaintiff and the store's manager at the time of the accident, as well as various photographs of the area where the plaintiff fell, were insufficient to demonstrate, as a matter of law, that the alleged defect in the parking lot was trivial and, therefore, not actionable (*see Serano v New York City Hous. Auth.*, 66 AD3d 867 [2009]; *Ricker v Board of Educ. of Town of Hyde Park*, 61 AD3d 735 [2009]).

Moreover, the defendants failed to establish, as a matter of

law, that they lacked constructive notice of the alleged defect. The plaintiff testified at her deposition that she had seen the particular pothole that caused her to fall two months prior to her accident. The store manager also testified at his deposition that he performed inspections on a regular basis of the parking lot, including the area directly in front of the store where the plaintiff fell. Also, the photographs in the record show a noticeable pothole in the area where the plaintiff fell. Thus, triable issues of fact exist as to whether the defendants had constructive notice of the alleged defect.

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Fisher, J.P., Florio, Belen and Hall, JJ., concur.