TERRY FREAS, Respondent, v TILLES CENTER et al., Appellants. [931 NYS2d 708]—

Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury (*see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]; *DeLaRosa v City of New York*, 61 AD3d 813 [2009]; *Berry v Rocking Horse Ranch Corp.*, 56 AD3d 711 [2008]; *Hahn v Wilhelm*, 54 AD3d 896, 898 [2008]). Property owners (and tenants) may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Trincere v County of Suffolk*, 90 NY2d at 977; *DeLaRosa v City of New York*, 61 AD3d at 813).

There is no " 'minimal dimension test' or per se rule" that the condition must be of a certain height or depth to be actionable (*Trincere v County of Suffolk*, 90 NY2d at 977). Rather, in determining whether a defect is trivial as a matter of law, the court must examine the facts presented, including the "width, depth, elevation, irregularity, and appearance of the defect along with the 'time, place, and circumstance[s]' of the injury" (*id.* at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]; *see DeLaRosa v City of New York*, 61 AD3d at 813-814; *Hahn v Wilhelm*, 54 AD3d at 898).

Here, under the circumstances presented, the defendants failed to make a prima facie showing that the alleged defect was trivial as a matter of law and, thus, not actionable (*see DeLaRosa v City of New York*, 61 AD3d at 814; *Boxer v Metropolitan Transp. Auth.*, 52 AD3d 447, 448 [2008]). Failure to make such a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendants' remaining contentions, which pertain to affidavits submitted by the plaintiff in opposition to the motion, need not be considered in light of our determination.

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Eng, Belen and Austin, JJ., concur.