In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Richmond County (McMahon, J.), entered March 26, 2013, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
On April 22, 2011, the plaintiff Virginia Martyniak (hereinafter the injured plaintiff) allegedly sustained personal injuries when she tripped and fell over a piece of metal protruding from the sidewalk in front of a Target store located in Staten Island. After the injured plaintiff, and her husband suing derivatively, commenced this action, the defendants moved for summary judgment dismissing the complaint, contending that the alleged defect was trivial and not actionable. The Supreme Court denied the motion, and we affirm.
*680 Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]; Freas v Tilles Ctr., 89 AD3d 680, 681 [2011]). Property owners may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see Trincere v County of Suffolk, 90 NY2d at 977; Aguayo v New York City Hous. Auth., 71 AD3d 926, 927 [2010]; DeLaRosa v City of New York, 61 AD3d 813 [2009]). There is no “minimal dimension test or per se rule” that the condition must be of a certain height or depth to be actionable (Trincere v County of Suffolk, 90 NY2d at 977 [internal quotation marks omitted]). In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, “including the width, depth, elevation, irregularity and appearance of the defect along with the ‘time, place and circumstance’ of the injury” (id. at 978, quoting Caldwell v Village of Is. Park, 304 NY 268, 274 [1952]).
Here, contrary to the Supreme Court’s determination, the defendants failed to make a prima facie showing that the alleged defect was trivial as a matter of law and, thus, not actionable (see Freas v Tilles Ctr., 89 AD3d at 681; DeLaRosa v City of New York, 61 AD3d at 814; Boxer v Metropolitan Transp. Auth., 52 AD3d 447, 448 [2008]). The defendants’ failure to make a prima facie showing requires denial of their motion, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Rivera, J.P, Lott, Miller and Duffy, JJ., concur.