Simos v Vic-Armen Realty, LLC (2018 NY Slip Op 03557)





Simos v Vic-Armen Realty, LLC


2018 NY Slip Op 03557


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2015-06705
 (Index No. 2517/11)

[*1]Demetra Simos, appellant, 
v
Vic-Armen Realty, LLC, et al., respondents, et al., defendants.


Donohue, McGahan, Catalano & Belitsis, Jericho, NY (Michael Belitsis of counsel), for appellant.
Cascone & Kluepfel, LLP, Garden City, NY (Andrew M. Lauri and James K. O'Sullivan of counsel), for respondent Vic-Armen Realty, LLC.
Gordon & Silber, P.C., New York, NY (Andrew B. Kaufman of counsel), for respondent Brickwell, LLC, doing business as North Shore Cyclery and doing business as North Shore Cycle.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated December 23, 2014. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Vic-Armen Realty, LLC, and Brickwell, LLC, doing business as North Shore Cyclery and doing business as North Shore Cycle which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the separate motions of the defendants Vic-Armen Realty, LLC, and Brickwell, LLC, doing business as North Shore Cyclery and doing business as North Shore Cycle which were for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
On February 18, 2008, the plaintiff allegedly sustained personal injuries when, as she was walking on the sidewalk, her foot became caught in a gap between two cellar doors that were embedded into the sidewalk. Thereafter, she commenced the instant action action against, among others, the owner of the building in front of which the sidewalk and cellar doors were located, Vic-Armen Realty, LLC (hereinafter Vic-Armen), and the lessee of a ground-floor store and the basement that those cellar doors accessed, Brickwell, LLC, doing business as North Shore Cyclery and doing business as North Shore Cycle (hereinafter together the defendants).
The defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, arguing, inter alia, that the alleged defect was not actionable because it was trivial. In opposition, the plaintiff argued, inter alia, that the evidence upon [*2]which the defendants relied lacked probative value, and that the alleged defect was not trivial. The Supreme Court granted those branches of the defendants' separate motions, and the plaintiff appeals.
Generally, the issue of whether a dangerous or defective condition exists on the property of another depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977). "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]). There is no "minimal dimension test" or "per se rule" that the condition must be of a certain height or depth in order to be actionable (id. at 977 [internal quotation marks omitted]). Physically small defects may be actionable "when their surrounding circumstances or intrinsic characteristics make them difficult for a pedestrian to see or to identify as hazards or difficult to traverse safely on foot" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79).
Here, the defendants failed to demonstrate, prima facie, that the gap between the cellar doors in which the plaintiff's foot allegedly was caught was physically insignificant and that the characteristics of the gap or the surrounding circumstances did not increase the risks it posed to pedestrians (see id.). In support of their motions for summary judgment, the defendants relied upon, inter alia, the affidavit of an expert who inspected the cellar doors in June 2013, which was more than five years after the plaintiff's fall. The defendants also relied upon photographs and a video recording of the cellar doors which also were taken in 2013.
The appearance of the cellar doors as depicted in the photographs and video recording taken more than five years after the accident was noticeably different from the appearance of the cellar doors as depicted in the photographs that the parties used for identification purposes during their depositions in 2011 (see Hahn v Wilhelm, 54 AD3d 896, 898). George Ketigan, Jr., a principal of the defendant Vic-Armen, testified at his deposition that in December 2010, the defendants had the cellar door repaired after Ketigan noticed an "opening in the door" (see id. at 898-899). Under these circumstances, the expert's affidavit, and the defendants' photographs and video recording taken more than five years after the plaintiff's fall, were insufficient to establish that no actionable defect existed at the time of the accident (see id. at 898; Lal v Hing Po Ng, 33 AD3d 668, 668-669; see also Cintron v New York City Tr. Auth., 77 AD3d 410, 411).
Furthermore, in support of their motion, the defendants submitted the plaintiff's deposition transcript, in which she testified that, as she was walking on the sidewalk, her foot became stuck in the gap between the cellar doors, causing her to fall to the ground. Upon falling, her "left ankle was hanging off of [her] leg." The plaintiff testified that she later learned that she had broken both bones in her ankle, and had "ripped all my tendons and all my ligaments." Given the plaintiff's description of how her foot became stuck in the gap between the cellar doors as she was walking on the sidewalk, the defendants failed to establish, prima facie, that the alleged defect was trivial.
The defendants' failure to make a prima facie showing required denial of their motions, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, we disagree with the Supreme Court's granting of those branches of the defendants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court