■ JAMES B. RICKER, Respondent, v BOARD OF EDUCATION OF TOWN OF HYDE PARK et al., Appellants. [876 NYS2d 658]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated May 12, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. "[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]). Rather, a court must look at the "width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]). Here, the defendants failed to make a prima facie showing that the alleged sidewalk defect was trivial and therefore, not actionable (see *Trumboli v Fifth Ave. Paving*, 59 AD3d 706 [ 2009]; *Boxer v Metropolitan Transp. Auth.*, 52 AD3d 447 [2008]; *Portanova v Kantlis*, 39 AD3d 731, 732 [2007];

*Mishaan v Tobias,* 32 AD3d 1000 [2006]; *Maxson v Brentwood Union Free School Dist.,* 31 AD3d 506 [2006]; *Adsmond v City of Poughkeepsie,* 283 AD2d 598 [2001]). Skelos, J.P., Dillon, Covello and Leventhal, JJ., concur.