■ Linnette Moses, Appellant, v T-Mobile et al., Respondents. [966 NYS2d 452]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered November 9, 2011, as granted that branch of the cross motion of the defendants 5 Towns Realty Corp., ISJ Management Corp., and Rockaway Realty Associates, L.P., which was for summary judgment dismissing the complaint insofar as asserted against them, and, in effect, upon searching the record, awarded summary judgment to the defendant T-Mobile dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

In 2009, the plaintiff allegedly tripped and fell as a result of a height differential between adjacent sidewalk flags. The sidewalk was located in front of a building leased by the defendant T-Mobile, owned by the defendants 5 Towns Realty Corp. (hereinafter 5 Towns) and Rockaway Realty Associates, L.P. (hereinafter Rockaway), and managed by the defendant ISJ Management Corp. (hereinafter ISJ).

In support of their cross motion for summary judgment, 5 Towns, Rockaway, and ISJ established their prima facie entitlement to judgment as a matter of law by showing that because

of, inter alia, the size, appearance, and location of the defect, and the circumstances of the injury, the defect did not have any of the characteristics of a trap or snare, and was too trivial to be actionable (*see Taussig v Luxury Cars of Smithtown, Inc.*, 31 AD3d 533, 534 [2006]; *Bekritsky v TACS-4, Inc.*, 27 AD3d 680, 681 [2006]; *Dick v Gap, Inc.*, 16 AD3d 615, 615-616 [2005]).

The plaintiff failed to raise a triable issue of fact in opposition. Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in declining to consider the affidavit of the plaintiff's expert. The record reflects, inter alia, that the plaintiff's disclosure of her expert was untimely and that the plaintiff failed to provide any excuse for her substantial delay (*see Kozlowski v Oana*, 102 AD3d 751, 752 [2013]; *Rivers v Birnbaum*, 102 AD3d 26, 41 [2012]). We note that, in any event, the proffered affidavit was wholly speculative (*see Settimo v City of New York*, 61 AD3d 840, 842 [2009]). Accordingly, the Supreme Court properly awarded summary judgment to 5 Towns, Rockaway, and ISJ, and, in effect, upon searching the record, properly awarded summary judgment to T-Mobile.

The defendants' remaining contentions either have been rendered academic or are not properly before us on this appeal. Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.