In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated January 18, 2013, as granted that branch of the motion of the defendant Del Prete Family Limited Partnership which was for summary judgment dismissing the complaint insofar as asserted against it and, upon searching the record, awarded summary judgment dismissing the complaint insofar as asserted against the defendants Bourbon Street Fine Foods & Spirit and MJB Ale House, Inc.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Del Prete Family Limited Partnership which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff allegedly sustained injuries when he tripped and fell over a raised area of sidewalk flagstone abutting premises located at 40-10 Bell Boulevard, in Bayside. He commenced this action to recover damages for personal injuries against the *655 owner of the premises, Del Prete Family Limited Partnership (hereinafter Del Prete), and the tenants, Bourbon Street Fine Foods & Spirit (hereinafter Bourbon Street) and MJB Ale House, Inc. (hereinafter MJB). Del Prete moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that the alleged defect was trivial in nature. The Supreme Court granted Del Prete’s motion and, upon searching the record, also awarded summary judgment dismissing the complaint insofar as asserted against Bourbon Street and MJB.
“Generally, the issue of whether a dangerous condition exists depends on the particular facts of each case, and is properly a question of fact for the jury. However, a property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip” (Turuseta v Wyassup-Laurel Glen Corp., 91 AD3d 632, 633 [2012] [internal citations omitted]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the “width, depth, elevation, irregularity and appearance of the defect along with the time, place, and circumstance of the injury” (Trincere v County of Suffolk, 90 NY2d 976, 978 [1997]). There is no “minimal dimension test” or “per se rule” that a condition must be of a certain height or depth in order to be actionable (id. at 977; see Milewski v Washington Mut., Inc., 88 AD3d 853 [2011]; Ricker v Board of Educ. of Town of Hyde Park, 61 AD3d 735 [2009]). Photographs which fairly and accurately represent the accident site may be used to establish whether a defect is trivial and not actionable (see Das v Sun Wah Rest., 99 AD3d 752 [2012]).
Here, the only photograph acknowledged by the plaintiff to accurately depict the condition of the area where he allegedly tripped and fell was a poor quality black and white photograph, upon which the plaintiff circled the subject area during his deposition. Del Prete annexed this photograph, as well as an unmarked copy of this photograph, to its moving papers. This photograph is of such poor quality that it is impossible to determine whether the alleged defect is trivial as a matter of law. In addition, Del Prete presented the affidavit of its investigator, Charles Lombardi, who annexed a series of photographs that were not acknowledged by the plaintiff to accurately depict the condition of the area where he tripped and fell. Therefore, these additional photographs are insufficient to establish, as a matter of law, that the alleged defect was trivial and, therefore, unactionable.
Consequently, Del Prete failed to meet its prima facie burden *656 of establishing its entitlement to judgment as a matter of law, and that branch of Del Prete’s motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been denied (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). For the same reason, the Supreme Court erred in searching the record and awarding summary judgment to Bourbon Street and MJB. Eng, PJ., Dillon, Maltese and Duffy, JJ., concur.