■ GREG R. PLATKIN et al, Respondents, v COUNTY OF NASSAU, Appellant. [994 NYS2d 636]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered June 24, 2013, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Greg R. Platkin (hereinafter the plaintiff) allegedly tripped and fell over a defect while participating in an exercise class conducted at an outdoor roller rink located in Cedar Creek Park in Seaford, which was maintained by the defendant, County of Nassau. The plaintiff, and his wife suing derivatively, commenced this action to recover damages for the injuries allegedly sustained. After depositions, the County moved for summary judgment dismissing the complaint insofar as asserted against it, primarily contending that the alleged defect was trivial as a matter of law.

"[W]hether a dangerous or defective condition exists on the

property of another so as to create liability 'depends on the peculiar facts and circumstances of each case' and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997], quoting *Guerrieri v Summa*, 193 AD2d 647, 647 [1993]; *see Turuseta v Wyassup-Laurel Glen Corp.*, 91 AD3d 632, 633 [2012]; *Copley v Town of Riverhead*, 70 AD3d 623 [2010]). However, a property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a person might merely stumble, stub his or her toes, or trip (*see Trincere v County of Suffolk*, 90 NY2d at 977; *Schenpanski v Promise Deli, Inc.*, 88 AD3d 982, 983 [2011]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978 [internal quotation marks omitted]). There is no "minimal dimension test" or "per se rule" that a condition must be of a certain height or depth in order to be actionable (*id.* at 977; *see Milewski v Washington Mut., Inc.*, 88 AD3d 853 [2011]; *Ricker v Board of Educ. of Town of Hyde Park*, 61 AD3d 735 [2009]). Photographs that fairly and accurately represent the accident site may be used to establish whether a defect is trivial and, therefore, not actionable (*see Das v Sun Wah Rest.*, 99 AD3d 752 [2012]).

The photographs submitted by the County in support of its motion depict an apparent significant depression on the surface of the roller rink. In this case, given the location of the alleged defect and its apparent size, the Supreme Court properly found that the alleged defect was not trivial as a matter of law (*see Brenner v Herricks Union Free Sch. Dist.*, 106 AD3d 766, 767 [2013]). Since the County did not move for summary judgment on the ground that the action was barred by the doctrine of primary assumption of risk, that contention, which it raises on appeal, is not properly before this Court. Accordingly, the County failed to meet its burden of establishing its prima facie entitlement to judgment as a matter of law. The County's remaining contentions are without merit.

Since the County failed to establish its prima facie entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Therefore, the Supreme Court properly denied the County's motion for summary judgment (*see id.*; *Deviva v Bourbon St. Fine Foods & Spirit*, 116 AD3d 654 [2014]). Rivera, J.P., Hall, Sgroi and Maltese, JJ., concur.