■ ENIDE LOUIMA, Respondent, v JIMS REALTY, LLC, Appellant, et al., Defendants. [5 NYS3d 144]—

In an action to recover damages for personal injuries, the defendant Jims Realty, LLC, appeals from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated January 31, 2014, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that she sustained personal injuries when she fell as she was descending a staircase to the lobby of her building. The plaintiff, alleging that the fall was caused by a defect in one of the steps, commenced this action against, among others, Jims Realty, LLC (hereinafter Jims Realty), which owned the building. Jims Realty moved for summary judgment dismissing the complaint insofar as asserted against it, contending that the condition that allegedly caused the plaintiff to fall was trivial and therefore not actionable. The Supreme Court denied the motion.

A property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Maciaszek v Sloninski*, 105 AD3d 1012, 1013 [2013]; *Rogers v 575 Broadway Assoc., L.P.*, 92 AD3d 857, 858 [2012]). In determining whether a defect is trivial, a court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*Trincere v County of Suffolk*, 90 NY2d 976, 978 [1997] [internal quotation marks omitted]; *see Milewski v Washington Mut., Inc.*, 88 AD3d 853, 855-856 [2011]). Here, the evidence submitted by Jims Realty, including the deposition testimony of the parties and poor quality photographs of the alleged condition, was insufficient to demonstrate as a matter of law that the alleged defect was trivial, and therefore not actionable (*see Ortiz v 82-90 Broadway Realty Corp.*, 117 AD3d 1016, 1016 [2014]; *Deviva v Bourbon St. Fine Foods & Spirit*, 116 AD3d 654, 655-656 [2014]; *Nagin v K.E.M. Enters., Inc.*, 111 AD3d 901 [2013]). The burden, therefore, never shifted to the plaintiff to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly denied that branch of the motion of Jims Realty which was for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Leventhal, Chambers and Roman, JJ., concur.