■ Monica Gotay, Appellant, v New York City Housing Authority, Respondent. [7 NYS3d 311]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Troia, J.), entered March 11, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly tripped and fell over a defect in a sidewalk abutting the defendant's premises. After the plaintiff commenced this action to recover damages for personal injuries, the defendant moved for summary judgment dismissing the complaint, contending that the plaintiff could not identify the exact cause of her fall, and that, in any event, any alleged defect in the sidewalk was trivial and, hence, not actionable. The Supreme Court granted the motion, and the plaintiff appeals.

In a trip-and-fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall (*see Buglione v Spagnoletti*, 123 AD3d 867 [2014]; *Rivera v J. Nazzaro Partnership, L.P.*, 122 AD3d 826 [2014]; *Altinel v John's Farms*, 113 AD3d 709 [2014]). Indeed, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (*see Rivera v J. Nazzaro Partnership, L.P.*, 122 AD3d at 826; *Kudrina v 82-04 Lefferts Tenants Corp.*, 110 AD3d 963, 964 [2013]; *Dennis v Lakhani*, 102 AD3d 651, 652 [2013]; *Califano v Maple Lanes*, 91 AD3d 896, 897 [2012]; *Alabre v Kings Flatland Car Care Ctr., Inc.*, 84 AD3d 1286, 1287 [2011]). Here, the evidence submitted in support of the defendant's own motion revealed a triable issue of fact as to whether the plaintiff was unable to identify the cause of her fall. Specifically, the defendant submitted a transcript of the plaintiff's deposition, at which she testified that the right heel of her shoe became stuck in a crack on the sidewalk adjacent to 14 Roxbury Street, premises that were owned by the defendant on the date of the accident. In addition, the defendant submitted the transcript of a hearing held pursuant to Public Housing Law § 157 (2) and General Municipal Law § 50-h, at which the plaintiff identified, in a photograph, the specific crack

on which she tripped on the evening of the accident, and at which she confirmed that the crack was on the sidewalk adjacent to the defendant's premises. Therefore, contrary to the Supreme Court's determination, the defendant did not establish its prima facie entitlement to judgment as a matter of law by showing that the plaintiff was unable to identify either the location or the cause of the accident.

The Supreme Court further erred in concluding that the defect alleged by the plaintiff was trivial and, hence, not actionable. "[W]hether a dangerous or defective condition exists on the property of another so as to create liability 'depends on the peculiar facts and circumstances of each case' and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotation marks omitted], quoting *Guerrieri v Summa*, 193 AD2d 647, 647 [1993]; *see Platkin v County of Nassau*, 121 AD3d 879 [2014]; *Turuseta v Wyassup-Laurel Glen Corp.*, 91 AD3d 632, 633 [2012]; *Copley v Town of Riverhead*, 70 AD3d 623 [2010]). However, a property owner may not be held liable for trivial defects, not constituting a trap, snare, or nuisance, over which a person might merely stumble, stub his or her toes, or trip (*see Trincere v County of Suffolk*, 90 NY2d at 977; *Platkin v County of Nassau*, 121 AD3d at 880; *Moses v T-Mobile*, 106 AD3d 967 [2013]; *Schenpanski v Promise Deli, Inc.*, 88 AD3d 982, 983 [2011]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978 [internal quotation marks omitted]). There is no "minimal dimension test" or "per se rule" that a condition must be of a certain height or depth in order to be actionable (*id.* at 977; *see Platkin v County of Nassau*, 121 AD3d at 879; *Milewski v Washington Mut., Inc.*, 88 AD3d 853 [2011]; *Ricker v Board of Educ. of Town of Hyde Park*, 61 AD3d 735 [2009]). Photographs that fairly and accurately represent the accident site may be used to establish whether a defect is trivial and, therefore, not actionable (*see Platkin v County of Nassau*, 121 AD3d at 880; *Das v Sun Wah Rest.*, 99 AD3d 752 [2012]).

Here, the evidence submitted by the defendant in support of its motion, including the transcripts of the deposition testimony of the parties, the transcript of the hearing conducted pursuant to Public Housing Law § 157 (2) and General Municipal Law § 50-h, and photographs of the sidewalk, was insufficient to demonstrate that the alleged defect was trivial as a matter

of law and, therefore, not actionable (*see Martyniak v Charleston Enters., LLC*, 118 AD3d 679 [2014]; *Ortiz v 82-90 Broadway Realty Corp.*, 117 AD3d 1016 [2014]; *Sahni v Kitridge Realty Co., Inc.*, 114 AD3d 837 [2014]; *Shmidt v JPMorgan Chase & Co.*, 112 AD3d 811 [2013]; *Nagin v K.E.M. Enters., Inc.*, 111 AD3d 901 [2013]; *Brenner v Herricks Union Free Sch. Dist.*, 106 AD3d 766 [2013]). Since the defendant failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.