■ LISSELOTTA VASQUEZ, Respondent, v MOUNT SINAI MEDICAL CENTER, Appellant. [23 NYS3d 904]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Butler, J.), dated June 10, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly tripped and fell on a defect at the top of a staircase inside a building owned by the defendant. Thereafter, the plaintiff commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff did not know what caused her to fall and that the alleged defect that caused the fall was trivial and not actionable. The Supreme Court denied the motion.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the plaintiff as the nonmovant (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]), it failed to establish, prima facie, that the plaintiff did not know what caused her to fall (*see Gotay v New York City Hous. Auth.*, 127 AD3d 693, 694-695 [2015]; *Jackson v Fenton*, 38 AD3d 495, 495-496 [2007]). Additionally, the defendant failed to establish,

prima facie, that the alleged defect at the top of the interior staircase was trivial and not actionable. Looking at the width, depth, elevation, irregularity, and appearance of the alleged defect, along with the time, place, and circumstance of the injury, it cannot be said as a matter of law that the condition at issue was trivial and therefore not actionable (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66 [2015]; *Trincere v County of Suffolk*, 90 NY2d 976, 978 [1997]; *Louima v Jims Realty, LLC*, 125 AD3d 943, 944 [2015]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Hall, Roman and Sgroi, JJ., concur.