■ JACKELINE GREEN, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [26 NYS3d 560]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated February 25, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that she sustained personal injuries when she tripped and fell on the sixth floor landing of the defendant's building. She alleged that there was a missing patch of tile abutting the metal edge of the top of the staircase. She further alleged that her foot went into the exposed area and the front tip of her right sneaker got caught in the metal edge, causing her to fall. The plaintiff commenced this action against the defendant, which moved for summary judgment dismissing the complaint, contending that the alleged defect that allegedly caused the plaintiff to fall was trivial and, therefore, not actionable. The Supreme Court denied the motion.

A property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Louima v Jims Realty, LLC*, 125 AD3d 943, 944 [2015]; *Grundstrom v Papadopoulos*, 117 AD3d 788 [2014]; *Deviva v Bourbon St. Fine Foods & Spirit*, 116 AD3d 654, 655 [2014]; *Maciaszek v Sloninski*, 105 AD3d 1012, 1013 [2013]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*Trincere v County of Suffolk*, 90 NY2d 976, 978 [1997] [internal quotation marks omitted]; *see*

*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 77 [2015]).

"[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere v County of Suffolk*, 90 NY2d at 977; *see DeLaRosa v City of New York*, 61 AD3d 813, 814 [2009]). Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable (*see Santacruz v Taco Bell of Am., LLC*, 128 AD3d 793 [2015]; *Platkin v County of Nassau*, 121 AD3d 879, 880 [2014]; *Schenpanski v Promise Deli, Inc.*, 88 AD3d 982 [2011]).

Here, viewing the evidence in the light most favorable to the plaintiff (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]), the Supreme Court properly determined that the defendant failed to submit evidence sufficient to establish, prima facie, that the alleged defect that allegedly caused the plaintiff to fall was trivial and therefore not actionable (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d at 79; *Trincere v County of Suffolk*, 90 NY2d at 978). Since the defendant failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.