■ MIREYA MENESES et al., Appellants, v JOHN RIGGS, M.D., Respondent. [29 NYS3d 434]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Baily-Schiffman, J.), entered August 15, 2014, which, upon the granting of the defendant's motion

pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiffs' case, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

To succeed on a motion for judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there was no rational process by which the jury could have found in favor of the plaintiff and against the moving defendant (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Porcelli v Northern Westchester Hosp. Ctr., 110 AD3d 703, 705 [2013]). To establish a prima facie case of liability in a medical malpractice action, a plaintiff is required to prove that the defendant departed from good and accepted standards of medical practice, and that the departure was a proximate cause of the injury (see Goldberg v Horowitz, 73 AD3d 691, 693 [2010]; Hanley v St. Charles Hosp. & Rehabilitation Ctr., 307 AD2d 274, 277 [2003]).

Here, affording the plaintiffs the benefit of every reasonable inference which can be drawn from the facts presented at trial, and considering such facts in a light most favorable to them (see Szczerbiak v Pilat, 90 NY2d at 556), the plaintiffs established their prima facie case of liability against the defendant. Accordingly, the Supreme Court erred in granting the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law, and a new trial is warranted (see Ping Ji v Malik, 68 AD3d 835 [2009]; Velonis v Vitale, 57 AD3d 657, 658 [2008]).

Moreover, we note, as relevant to the retrial, that the Supreme Court did not err in precluding the admission into evidence of certain written reports prepared by nontestifying doctors and interpreting the results of medical tests (see D'Andraia v Pesce, 103 AD3d 770, 771 [2013]; Wagman v Bradshaw, 292 AD2d 84 [2002]). When the plaintiffs later decided to call as a witness the author of one such report, Dr. Roberto Granato, the court correctly allowed the plaintiffs' counsel, upon laying a proper foundation, to introduce the report into evidence (see Wagman v Bradshaw, 292 AD2d 84 [2002]).

However, the Supreme Court improvidently exercised its discretion in limiting the scope of the plaintiffs' questioning of Dr. Granato after the defendant's counsel had elicited from the witness, over the plaintiffs' objection, certain expert testimony on a material and relevant subject that went beyond the scope

of the plaintiffs' direct examination (*see Canonico v Beechmont Bus Serv., Inc.*, 15 AD3d 327 [2005]; *Selly v Port of N.Y. Auth.*, 36 AD2d 861 [1971]).

The plaintiffs' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Chambers, Dickerson and Barros, JJ., concur.