■ EUGENE PITT, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [44 NYS3d 525]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (King, J.), dated March 8, 2011, which granted the defendant's oral motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

The plaintiff commenced this action against the defendant, the New York City Transit Authority (hereinafter NYCTA), alleging that he sustained personal injuries when he caught his right foot in an alleged defect on a stair at the Nostrand Avenue subway station as he was descending the staircase. The matter proceeded to trial before a jury. At the trial, the plaintiff testified that the defect was a chip in the edge of the stair, approximately five inches in length, three inches wide, and two

inches deep. He did not see the defect until after he slipped. At the time of the accident, the plaintiff did not request medical attention or report the incident because he thought he merely sprained his ankle. That evening, however, he began to feel worse and went to the hospital. Three days later, he took a photograph of the stair defect.

At the close of plaintiff's case, NYCTA orally moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, arguing that the plaintiff failed to make out a prima facie case of negligence because he did not establish actual or constructive notice of a dangerous condition, and because the stair defect was trivial. The Supreme Court granted NYCTA's motion on the ground that the stair defect was trivial and therefore not actionable. The plaintiff appeals.

"To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational process by which the jury could find for the plaintiff against the moving defendant" (*Alicea v Ligouri*, 54 AD3d 784, 784-785 [2008], citing *Lyons v McCauley*, 252 AD2d 516, 517 [1998]; *see Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440, 441 [1996]). "The plaintiff's evidence must be accepted as true, and the plaintiff is entitled to every favorable inference which can be reasonably drawn from the evidence" (*Alicea v Ligouri*, 54 AD3d at 785).

Generally, the issue of whether a dangerous or defective condition exists depends on the facts of each case and is a question of fact for the jury (*see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]; *Platkin v County of Nassau*, 121 AD3d 879 [2014]; *Martyniak v Charleston Enters., LLC*, 118 AD3d 679, 680 [2014]). However, property owners may not be held liable for trivial defects which, considering "all the specific facts and circumstances of the case, not size alone," do not "unreasonably imperil[ ]" the safety of a pedestrian (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 77-78 [2015] [internal quotation marks omitted]; *see Trincere v County of Suffolk*, 90 NY2d at 977; *Louima v Jims Realty, LLC*, 125 AD3d 943, 944 [2015]; *Platkin v County of Nassau*, 121 AD3d at 879). In other words, physically small defects are actionable "when their surrounding circumstances or intrinsic characteristics make them difficult for a pedestrian to see or to identify as hazards or difficult to traverse safely on foot" (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d at 79). There is no "minimal dimension test or per se rule" that the condition must be of a certain height or depth to be actionable (*Trincere v*

*County of Suffolk,* 90 NY2d at 977 [internal quotation marks omitted]; *see Green v New York City Hous. Auth.,* 137 AD3d 748 [2016]; *Martyniak v Charleston Enters., LLC,* 118 AD3d at 680). In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, "including the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (*Trincere v County of Suffolk,* 90 NY2d at 978, quoting *Caldwell v Village of Is. Park,* 304 NY 268, 274 [1952]).

"Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (*Green v New York City Hous. Auth.,* 137 AD3d at 749; *see Schenpanski v Promise Deli, Inc.,* 88 AD3d 982, 984 [2011]; *see also Hutchinson v Sheridan Hill House Corp.,* 26 NY3d at 82-83). In *Hutchinson,* the Court of Appeals determined that the defendants in one of the cases at issue, who had moved for summary judgment dismissing the complaint, failed to make a prima facie showing that a defect was trivial where photographs of the defect were "indistinct" and the defendants presented no evidence regarding the measurements of the defect (*Hutchinson v Sheridan Hill House Corp.,* 26 NY3d at 82-83).

Here, NYCTA failed to show that there was no rational process by which the jury could have found in favor of the plaintiff and against it (*see Meneses v Riggs,* 138 AD3d 700, 701 [2016]). Accepting the plaintiff's evidence as true, and giving him every favorable inference which can be reasonably drawn from that evidence, NYCTA failed to establish that the defect was trivial as a matter of law. The plaintiff testified that the defect was approximately five inches long, three inches wide, and two inches deep. NYCTA relied on the plaintiff's photograph of the defect and the testimony of his witness, a former NYCTA employee, who testified that the photograph showed "minor wear" to the stair. The dimensions of the defect cannot be ascertained from that one indistinct photograph (*see Hutchinson v Sheridan Hill House Corp.,* 26 NY3d at 82-83). The location of the chip on the walking surface of a stair also figures into the analysis of whether the defect was trivial (*see id.* at 81-82). Accordingly, under the circumstances, a rational jury could have concluded that the defect was not trivial.

Moreover, contrary to NYCTA's contention, it failed to establish that no rational jury could have found that it had notice of the defect. An owner of realty owes a duty to maintain the property in a reasonably safe condition (*see Basso v Miller,* 40 NY2d 233, 241 [1976]), and a plaintiff who has fallen as a

result of a defect in pavement or stairs must prove that the property owner caused the defect or had either actual or constructive notice of the defect and a reasonable time to fix it (*see Farrar v Teicholz*, 173 AD2d 674, 676 [1991]). To constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit a defendant's employees to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]).

Photographs that accurately depict the area in which a plaintiff fell may be adequate for a trier of fact to infer that a defendant had constructive notice of the alleged defect (*see Batton v Elghanayan*, 43 NY2d 898, 899 [1978]; *Zavaro v Westbury Prop. Inv. Co.*, 244 AD2d 547, 548 [1997], *Farrar v Teicholz*, 173 AD2d at 676 [1997]; *Ferlito v Great S. Bay Assoc.*, 140 AD2d 408, 409 [1988]). Here, the plaintiff's evidence created issues of fact as to whether NYCTA had constructive notice of the defect, which should have been submitted to and evaluated by the jury (*see Batton v Elghanayan*, 43 NY2d at 899; *Zavaro v Westbury Prop. Inv. Co.*, 244 AD2d at 548; *Ferlito v Great S. Bay Assoc.*, 140 AD2d at 409).

Accordingly, the Supreme Court erred in granting NYCTA's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, and a new trial is warranted. Rivera, J.P., Roman, Cohen and Miller, JJ., concur.