Hopkins v St. Agnes R.C. Church at Rockville Ctr. (2018 NY Slip Op 02448)





Hopkins v St. Agnes R.C. Church at Rockville Ctr.


2018 NY Slip Op 02448


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-12479
 (Index No. 13659/13)

[*1]Carol A. Hopkins, appellant, 
v
St. Agnes Roman Catholic Church at Rockville Centre, in County of Nassau, State of New York, respondent.


Hopkins & Kopilow, Garden City, NY (Michael T. Hopkins of counsel), for appellant.
Mulholland, Minion, Davey, McNiff & Beyrer, Williston Park, NY (Lynn A. Waylonis of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered October 11, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she fell while descending the exterior staircase of a church owned by the defendant. The plaintiff alleged that the accident resulted from a difference in riser height between steps on the staircase. The defendant moved for summary judgment dismissing the complaint on the ground that the alleged dangerous condition was trivial and, therefore, not actionable as a matter of law. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
"Generally, the issue of whether a dangerous or defective condition exists depends on the facts of each case and is a question of fact for the jury" (Pitt v New York City Tr. Auth., 146 AD3d 826, 827, citing Trincere v County of Suffolk, 90 NY2d 976, 977). "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). "In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury'" (Pitt v New York City Tr. Auth., 146 AD3d at 828, quoting Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]).
Here, the defendant met its prima facie burden for summary judgment by establishing that the alleged defect was trivial as a matter of law (see Sulca v Barry Hers Realty, Inc., 29 AD3d [*2]779, 779; cf. Schwartz v Reisman, 135 AD3d 739, 739-740; Swerdlow v WSK Props. Corp., 5 AD3d 587, 588). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court