■ CATHY PALMERI et al., Respondents, v BRIARWOOD AT ALLEY POND CONDOMINIUM et al., Appellants. (And a Third-Party Action.) [693 NYS2d 227] —In an action to recover damages for personal injuries, the defendant Aphrodite Daniels, a/k/a Aphrodite Angelidis and the defendants Briarwood at Alley Pond Condominium and Board of Managers of Briarwood at Alley Pond Condominium separately appeal from an order of the Supreme Court, Queens County (Price, J.), dated March 24, 1998, which denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The record establishes that as the plaintiff Cathy Palmeri (hereinafter the plaintiff) was descending an external stairway of premises owned by the defendant Aphrodite Daniels, a/k/a Aphrodite Angelidis (hereinafter Daniels) and leased by the third-party defendants Bryanne and Mark Spinner, she slipped on a discarded coffee table leg and fell. Following a reconstruction of the stairway by Daniels nearly two years earlier, the bannister or railing on the level where the plaintiff slipped had

been removed and never replaced. The stairway itself was part of the common elements of a community known as Briarwood at Alley Pond Condominium (hereinafter the condominium).

Daniels' motion for summary judgment was properly denied. The plaintiffs established that questions of fact exist regarding whether Daniels' failure to install a railing on the reconstructed stairway, as well as her placement of table legs for discarding in or around the stairwell, constituted a breach of her duty to maintain the premises in a reasonably safe condition (*see, e.g., Basso v Miller*, 40 NY2d 233; *Kraemer v K-Mart Corp.*, 226 AD2d 590). In addition, the condominium's separate motion for summary judgment was also properly denied. There are questions of fact regarding whether the condominium's failure to enforce Administrative Code of the City of New York § 27-376 was a proximate cause of the plaintiff's injuries (*see, e.g., Orlick v Granit Hotel & Country Club*, 30 NY2d 246; *Hotzoglou v Hotzoglou*, 221 AD2d 594; *Lattimore v Falcone*, 35 AD2d 1069). Ritter, J. P., Thompson, Altman and Friedmann, JJ., concur.