■ RICHARD REYNOLDS et al., Plaintiffs, v COUNTY OF WEST-CHESTER, Respondent, and NELSON INDUSTRIAL SERVICES, De-

fendant and Third-Party Plaintiff. PLATO CONSTRUCTION CORP., Third-Party Defendant-Appellant. [704 NYS2d 651] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered April 8, 1999, which granted the motion of the defendant County of Westchester for summary judgment on the second cross claim against it for contractual indemnification, and on the third and fourth cross claims against it alleging breach of contract.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment on the second cross claim for contractual indemnification and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

Pursuant to General Obligations Law § 5-322.1, any construction contract purporting to indemnify a party for its own negligence is void and unenforceable, although contracts requiring parties to procure insurance are not similarly void (see, Kinney v Lisk Co., 76 NY2d 215). Consequently, a party to a contract who is a beneficiary of an indemnification provision must prove itself to be free of negligence; to any extent that the negligence of such a party contributed to the accident, it cannot be indemnified therefor (see, Kennelty v Darlind Constr., 260 AD2d 443; Stein v Yonkers Contr., 244 AD2d 476; Dawson v Pavarini Constr. Co., 228 AD2d 466). In the instant case, the defendant County of Westchester failed to establish its freedom from fault so as to entitle it to summary judgment on its cross claim for contractual indemnification (see, American Ref-Fuel Co. v Resource Recycling, 248 AD2d 420, 423; McGill v Polytechnic Univ., 235 AD2d 400; Dawson v Pavarini Constr. Co., supra; cf., Kennelty v Darlind Constr., supra). Thus, the Supreme Court erred in granting that branch of the County's motion which was for summary judgment on that cross claim.

The appellant's remaining contentions are without merit. Ritter, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.