■ DONNA HEALY et al., Respondents, v CARMEL BOWL, INC., et al., Appellants-Respondents. [884 NYS2d 473]—

In an action to recover damages for personal injuries, etc., the defendant Carmel Bowl, Inc., appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Putnam County (O'Rourke, J.), dated June 16, 2008, as, upon, inter alia, in effect, denying its motion pursuant to CPLR 4401 for judgment as a matter of law, upon a jury verdict on the issue of liability finding it 100% at fault in the happening of the

accident, and upon the granting of that branch of the plaintiffs' motion which was for judgment as a matter of law against the defendant Done-Right Bowling Service Co., Inc., to the extent of finding that defendant 50% at fault in the happening of the accident, is in favor of the plaintiffs and against it, finding it 50% at fault in the happening of the accident, and the defendant Done-Right Bowling Service Co., Inc., separately appeals, as limited by its brief, from so much of the same interlocutory judgment as, upon a jury verdict on the issue of liability finding that it was 0% at fault in the happening of the accident, and upon the granting of the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict with respect to it as contrary to the weight of the evidence and for judgment as a matter of law against it on the issue of liability to the extent of finding it 50% at fault in the happening of the accident, is in favor of the plaintiffs and against it finding it 50% at fault in the happening of the accident.

Ordered that the interlocutory judgment is modified, on the law, by deleting the provision thereof finding each defendant 50% at fault in the happening of the accident and substituting therefor a provision finding the defendant Carmel Bowl, Inc., 100% at fault; as so modified, the interlocutory judgment is affirmed insofar as appealed from, with one bill of costs to the defendant Done-Right Bowling Service Co., Inc., payable by the defendant Carmel Bowl, Inc., the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict with respect to the defendant Done-Right Bowling Service Co., Inc., as contrary to the weight of the evidence and for judgment as a matter of law against that defendant is denied, the jury verdict on the issue of liability is reinstated, and the matter is remitted to the Supreme Court, Putnam County, for (a) a trial on the issue of damages against the defendant Carmel Bowl, Inc., and the entry of an appropriate judgment thereafter and (b), the severance of the action against the defendant Done-Right Bowling Service Co., Inc., and the entry of a judgment dismissing the complaint insofar as asserted against that defendant.

On March 30, 2003, the plaintiff Donna Healy (hereinafter the plaintiff) and various members of her family went bowling at a bowling alley owned by the defendant Carmel Bowl, Inc. (hereinafter Carmel Bowl). While bowling, the plaintiff stepped on a trapdoor and fell through it, injuring her right hip and leg. The purpose of the trapdoor was to allow bowling alley personnel to gain access to the system underneath the floor to free bowling balls that had become stuck. Thereafter, the plaintiff, with her husband suing derivatively, commenced the instant ac-

tion to recover damages, inter alia, for her personal injuries against Carmel Bowl and the defendant Done-Right Bowling Service Co., Inc. (hereinafter Done-Right), which allegedly installed the trapdoor. The case proceeded to trial on the issue of liability. At the close of the plaintiffs' case, the Supreme Court denied Carmel Bowl's motion pursuant to CPLR 4401 for judgment as a matter of law. The jury thereafter returned a verdict finding Carmel Bowl 100% at fault in the happening of the accident and Done-Right 0% at fault. The court granted those branches of the plaintiffs' motion which were pursuant to CPLR 4404 (a) to set aside the verdict in favor of Done-Right as contrary to the weight of the evidence, and for judgment as a matter of law against Done-Right on the issue of liability, and apportioned liability between the defendants, finding each of them 50% at fault in the happening of the accident. The defendants separately appeal from the interlocutory judgment entered by the court.

The trial court erred in granting that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) for judgment as a matter of law against Done-Right, to the extent of finding it to be 50% at fault in the happening of the accident, but properly, in effect, denied Carmel Bowl's motion for judgment as a matter of law in its favor. "A directed verdict is only appropriate where there is no rational process that would lead the trier of fact to find for the nonmoving party" (*Sweeney v Bruckner Plaza Assoc.*, 57 AD3d 347, 349 [2008]). In considering a motion for a judgment as a matter of law, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]).

Viewing the evidence in the light most favorable to Done-Right, a rational process existed by which the jury could find that Done-Right was not at fault in the happening of the accident. Similarly, viewing the evidence presented by the plaintiffs in the light most favorable to them, and affording them every reasonable inference therefrom, a rational process existed by which the jury could find Carmel Bowl solely at fault in the happening of the accident, based on its failure to maintain the subject trapdoor in a reasonably safe condition. A landowner has a duty to maintain its premises in a reasonably safe condition "in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]; *see Peralta v Hen-*

*riquez*, 100 NY2d 139, 144 [2003]; *Smith v New York City Hous. Auth.*, 52 AD3d 808 [2008]; *Palmeri v Briarwood at Alley Pond Condominium*, 264 AD2d 386 [1999]).

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). While it is within a trial court's discretion to set aside a verdict as contrary to the weight of the evidence, a court must do so cautiously, "for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (*Nicastro v Park*, 113 AD2d at 133; *see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

At trial, the defendants differed on which entity had installed the subject trapdoor. Glenn Gable of Done-Right testified that a Done-Right employee installed only one trapdoor at the bowling alley, and that Carmel Bowl installed the remaining 15. In contrast, Jeanette Fossati of Carmel Bowl testified that Carmel Bowl did not install any of the trapdoors, and implied that Done-Right installed all of them. Regardless of which defendant installed the subject trapdoor, there was no contract obligating Done-Right to maintain that trapdoor, and the evidence adduced at trial demonstrated that neither Carmel Bowl nor its customers complained about the subject trapdoor in the four years between its installation and the plaintiff's accident.

The evidence further indicated that Carmel Bowl altered the subject trapdoor by installing screws on top of it, which Gable stated was improper since, by doing so, among other things, the rock maple comprising the trapdoor became compressed, causing the wood to become brittle. Gable also denied that the screws were installed to correct a faulty installation of the subject trapdoor by Done-Right, explaining that if the installation had been faulty, the subject trapdoor would have collapsed much earlier. Moreover, while the plaintiffs' structural engineering expert, Dean Koutsoubis, testified that the subject trapdoor collapsed because of an improper installation, inasmuch as no supports were installed under its edges, the jury was entitled to disregard his testimony given his uncertainty concerning, among other things, the condition of the offending trapdoor at the time of the accident.

In his testimony, Harry Bates, the manager and head mechanic of Carmel Bowl, testified that before the plaintiff's accident, Carmel Bowl did not regularly inspect the subject trapdoor, that he never examined any of the supports under that

trapdoor, and that he did not recall repairing or altering that trapdoor. Given the "likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d at 241), the jury properly found that Carmel Bowl's negligent failure to reasonably maintain the subject trapdoor was the sole proximate cause of the accident (*cf. Daniel v Fleisher*, 230 AD2d 763 [1996]).

Accordingly, the trial court erred in granting that branch of the plaintiffs' motion which was to set aside the jury verdict finding Done-Right 0% at fault, since that verdict was based on a fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d at 134).

Consequently, the jury verdict must be reinstated, the apportionment of fault made by the trial court must be vacated, and the matter must be remitted to the Supreme Court, Putnam County, for a trial against Carmel Bowl on the issue of damages, the entry of an appropriate judgment thereafter, the severance of the action against Done-Right, and the entry of a judgment dismissing the complaint insofar as asserted against Done-Right. Skelos, J.P., Angiolillo, Balkin and Belen, JJ., concur.