■ EMMANUEL ALATZAS, Appellant, v NATIONAL RAILROAD PASSENGER CORPORATION, Respondent, et al., Defendant. [888 NYS2d 431]—In an action to recover damages for personal injuries pursuant to the Federal Employers' Liability Act (45 USC § 51 et seq.), the plaintiff appeals from a judgment of the Supreme Court, Kings County (Knipel, J.), entered August 12, 2008, which, upon a jury verdict on the issue of liability in favor of the defendant National Railroad Passenger Corporation and against him, and upon an order of the same court dated May 31, 2007, denying his motion pursuant to CPLR 4404 (a), inter alia, to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant National Railroad Passenger Corporation and against him, in effect, dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather, requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). It is for the trier of fact to make determinations as to the credibility of the witnesses, and great deference is accorded to the factfinders, who had the opportunity to see and hear the witnesses (*see Bertelle v New York City Tr. Auth.*, 19 AD3d 343 [2005]). Under the circumstances, the jury verdict is supported by a fair interpretation of the evidence. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion pursuant to CPLR 4404 (a) which was to set aside the verdict as contrary to the weight of the evidence and for a new trial (*cf. Sneddon v CSX Transp.*, 46 AD3d 1345, 1346-1347 [2007]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Covello, Dickerson and Lott, JJ., concur.