■ JOHN ARMENTANO et al., Plaintiffs, v BROADWAY MALL PROPERTIES, INC., et al., Defendants, LEHRER MCGOVERN BOVIS, INC., Appellant, and GARITO CONTRACTING, INC., Respondent. [897 NYS2d 113]—

In an action to recover damages for personal injuries, etc., the defendant Lehrer McGovern Bovis, Inc., appeals from a judgment of the Supreme Court, Nassau County (McCormack, J.), entered April 29, 2008, which, upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of evidence, upon a jury verdict finding that it was negligent and that its negligence was a substantial factor in causing the accident, and that the defendant Garito Contracting, Inc., was negligent but that its negligence was not a substantial factor in causing the accident, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, or to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant Garito Contracting, Inc., and against it, in effect, dismissing its cross claim against that defendant for indemnification or contribution.

Ordered that the judgment is affirmed, with costs.

The plaintiff John Armentano (hereinafter the injured plaintiff), a carpenter working on a construction project at a Long Island mall, was injured when he fell through an opening in the floor that had been covered only by an unsecured piece of plywood. The defendant Lehrer McGovern Bovis, Inc. (hereinafter Bovis), was the general contractor for the project, and its agreement with the mall's owner made Bovis responsible, inter alia, for "maintaining and supervising all safety precautions and programs in connection with the performance of the Contract." It is undisputed that the unsecured opening which caused the accident was created when a demolition subcontractor, the defendant Garito Contracting, Inc. (hereinafter Garito), removed a garbage chute as part of the demolition process.

The plaintiffs were awarded summary judgment on the issue of liability pursuant to Labor Law § 240 (1) against the mall's owner and managing agent, and against the general contractor Bovis. The matter then proceeded to trial on the various cross claims which the defendants had asserted against each other. At trial, Garito's principal testified that his company's bid did not include the cost of providing temporary protection to secure and cover unsafe openings in floors created during demolition, and that before signing the contract with Bovis, he crossed out provisions which would have required Garito to provide such

protection. Garito's principal further testified that Bovis was responsible for providing temporary protection, and that at the end of each day, he would inform Bovis employees about any unsecured openings which required protection. Both a representative of the owner, and a Bovis employee, similarly testified that Bovis was responsible for inspecting and addressing safety concerns at the construction site, including the provision of temporary protection. The owner's representative also recalled that Garito employees marked the floor near the opening created by the removal of the garbage chute so that the opening could be secured by Bovis employees.

At the close of evidence, the trial court denied Bovis' motion for a directed verdict on its contractual indemnification claim against Garito. The jury then returned a verdict finding that Bovis was negligent, and that its negligence was a substantial factor in causing the accident. Although the jury also found that Garito was negligent, it concluded that Garito's negligence was not a substantial factor in causing the accident. The jury further found that Garito had not contracted to provide temporary protection at the construction site. Bovis subsequently moved pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, or to set aside the verdict as contrary to the weight of the evidence and for a new trial, and the court denied its motion.

On appeal, Bovis contends that the court should have granted its motion for a directed verdict on its contractual indemnification claim because the subject accident arose out of Garito's demolition work, which it agreed to perform safely and in accordance with federal and state laws and regulations. However, any construction contract purporting to indemnify a party for its own negligence is void and unenforceable (*see* General Obligations Law § 5-322.1; *Kinney v Lisk Co.*, 76 NY2d 215 [1990]; *Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 662 [2009]; *Reynolds v County of Westchester*, 270 AD2d 473, 474 [2000]). Consequently, to the extent that the negligence of a party who is the beneficiary of an indemnification provision contributed to the accident, such party cannot be indemnified therefor (*see Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d at 662; *Reynolds v County of Westchester*, 270 AD2d at 474; *Kennelty v Darlind Constr.*, 260 AD2d 443, 446 [1999]; *cf. Brooks v Judlau Contr., Inc.*, 11 NY3d 204 [2008]). Here, there was a rational process by which the jury could have found that Bovis negligently failed to fulfill its duty to provide temporary protection to secure the floor opening through which the injured plaintiff fell, that this negligence was a substantial factor in

causing the accident, and that any negligence on Garito's part was not a substantial factor in causing the accident. Since there was legally sufficient evidence to support a finding that the accident was caused solely by Bovis' negligence, thus voiding the parties' indemnification agreement, the court properly denied Bovis' motion for a directed verdict (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Healy v Carmel Bowl, Inc.*, 65 AD3d 665, 667 [2009]). Furthermore, the jury's findings, which turned largely on assessments of the credibility of witnesses, were based on a fair interpretation of the evidence, and therefore were not against the weight of the evidence (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]; *Alatzas v National R.R. Passenger Corp.*, 67 AD3d 832 [2009]).

Bovis further contends that because it was named as an additional insured on an insurance policy procured by Garito, the antisubrogation rule barred Garito's insurance carrier, as the real party in interest, from seeking to establish at trial that Bovis was negligent. However, the antisubrogation rule, which precludes an insurer from seeking to recoup insurance proceeds from its insured (*see North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 295 [1993]), was not implicated here. Garito's insurer was merely defending Garito against the cross claim asserted by Bovis, rather than seeking to recover damages from Bovis. We also note that the subject insurance policy did not require Garito's insurer to indemnify Bovis for liability arising out of Bovis' performance of its own work (*see Bovis Lend Lease LMB Inc. v Garito Contr., Inc.*, 65 AD3d 872, 873-874 [2009]).

Bovis' remaining contention is without merit. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.