Caracciolo v SHS Ralph, LLC (2024 NY Slip Op 02036)

Caracciolo v SHS Ralph, LLC

2024 NY Slip Op 02036

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2019-08580
 (Index No. 512132/16)

[*1]Richard Caracciolo, plaintiff-respondent,
v
SHS Ralph, LLC, defendant third-party plaintiff-respondent-appellant, et al., defendants; Thyssenkrupp Elevator Corporation, third-party defendant-appellant-respondent.

Kaufman Dolowich & Voluck, LLP, White Plains, NY (Melissa C. Cartaya, Bruce M. Young, and Jorja Carr of counsel), for third-party defendant-appellant-respondent.
Smith Mazure, P.C., New York, NY (Howard K. Fishman and Joel M. Simon of counsel), for defendant third-party plaintiff-respondent-appellant.
Schwartzapfel Lawyers, P.C. (Michael H. Zhu, Esq., P.C., New York, NY, of counsel), for plaintiff-respondent.
Gartner + Bloom, P.C., New York, NY (Narriman Subrati and Susan Mahon of counsel), for defendant Wilcox Development Corp.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals, and the defendant third-party plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated June 11, 2019. The order, insofar as appealed from, denied those branches of the third-party defendant's motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and the third-party complaint. The order, insofar as cross-appealed from, denied those branches of the defendant third-party plaintiff's cross-motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it and on the third-party cause of action for contractual indemnification.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff.
The plaintiff allegedly was injured during a construction project that was taking place on premises owned by SHS Ralph, LLC (hereinafter SHS Ralph). Wilcox Development Corp. (hereinafter Wilcox) was acting as the general contractor on the project. The plaintiff was employed by Thyssenkrupp Elevator Corporation (hereinafter Thyssenkrupp) and was performing work related to the installation of elevators on the premises. The plaintiff allegedly fell one story to the ground after stepping off an elevator platform and onto the mezzanine level immediately outside the elevator shaft, where the floor had yet to be constructed. The plaintiff commenced this action to recover damages for personal injuries against SHS Ralph, Wilcox, and another defendant. SHS Ralph [*2]commenced a third-party action against Thyssenkrupp, inter alia, for contractual indemnification.
SHS Ralph cross-moved, inter alia, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it and on the third-party cause of action for contractual indemnification against Thyssenkrupp. Thyssenkrupp moved, among other things, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and the third-party complaint. In an order dated June 11, 2019, the Supreme Court, inter alia, denied the aforementioned branches of the cross-motion and motion. Thyssenkrupp appeals, and SHS Ralph cross-appeals.
Labor Law § 240(1) "imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (Saint v Syracuse Supply Co., 25 NY3d 117, 124). "To succeed on a cause of action under Labor Law § 240(1), a plaintiff must establish that the defendant violated its duty and that the violation proximately caused the plaintiff's injuries" (Roblero v Bais Ruchel High Sch., Inc., 175 AD3d 1446, 1447). Where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240(1) (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 553-555; Castano v Algonquin Gas Transmission, LLC, 213 AD3d 905, 907).
In this case, the moving parties failed to establish, prima facie, entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against SHS Ralph. The evidence submitted in support of the cross-motion and motion, which included the transcript of the plaintiff's deposition testimony, did not eliminate all triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Under the circumstances of this case, triable issues of fact existed regarding, among other things, whether the absence of an adequate safety device was a proximate cause of the incident, and whether the plaintiff's actions constituted the sole proximate cause of his injuries (see Jarnutowski v City of Long Beach, 210 AD3d 881, 882-883). SHS Ralph's expert rendered an opinion, inter alia, that Industrial Code regulations and the Elevator Industry Field Employees' Safety Handbook did not require a guardrail or barriers where, as here, a permanent door had been installed for the elevator. He asserted that barriers or guardrails are used to prevent workers and objects from falling into an unguarded elevator shaft. The plaintiff testified at his deposition that in his 37 years of experience as an elevator mechanic, he had never been at a worksite where elevators were installed before the adjoining floors, and that he fell after leaving from the elevator platform to install an electrical box. Labor Law § 240(1) is a self-executing statute that contains its own specific safety measures, the violation of which provides an independent legal basis for liability regardless of whether there was compliance with federal regulations or general industry standards (see Cruz v Cablevision Sys. Corp., 120 AD3d 744, 746-747; see also Long v Forest-Fehlhaber, 55 NY2d 154, 160). Under the peculiar circumstances of this case, where there was no floor adjacent to the elevator when the plaintiff alighted from the elevator shaft, triable issues of fact existed regarding, among other things, whether the absence of an adequate safety device was a proximate cause of the incident and whether the plaintiff's actions constituted the sole proximate cause of his injuries (see Jarnutowski v City of Long Beach, 210 AD3d at 882-883). Accordingly, the Supreme Court properly denied those branches of the cross-motion and the motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against SHS Ralph regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"While owners and general contractors owe nondelegable duties under the Labor Law to plaintiffs who are employed at their worksites, these defendants can recover in indemnity, either contractual or common-law, from those considered responsible for the accident" (Kennelty v Darlind Constr., 260 AD2d 443, 445-446; see Brown v Two Exch. Plaza Partners, 76 NY2d 172). "[T]he right to contractual indemnification depends upon the specific language of the contract" (Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d 750, 752 [internal quotation marks omitted]). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (Crutch v 421 Kent Dev., LLC, 192 AD3d [*3]982, 983 [internal quotation marks omitted]). In addition, a promise in connection with a contract relative to the construction of a building purporting to indemnify or hold harmless the promisee against liability for bodily injury caused by the negligence of the promisee is unenforceable (see General Obligations Law § 5-322.1[1]; Brooks v Judlau Contr., Inc., 11 NY3d 204, 207; Brown v Two Exch. Plaza Partners, 76 NY2d at 179-180).
Here, the Supreme Court properly denied that branch of the cross-motion which was for summary judgment on the third-party cause of action for contractual indemnification. The subcontract between SHS Ralph and Thyssenkrupp included a rider that stated, in part, that Thyssenkrupp must indemnify SHS Ralph "to the fullest extent permitted by law" against all liability "or claimed liability for bodily injury or death to any person(s) . . . arising out of or resulting from the Work covered by this Contract Agreement to the extent such Work was performed by or contracted through" Thyssenkrupp, "excluding only liability created by the sole and exclusive negligence of the Indemnified Parties." In moving for summary judgment on the third-party cause of action, SHS Ralph failed to "affirmatively demonstrate that it was free from negligence" (Crutch v 421 Kent Dev., LLC, 192 AD3d 977, 982).
Noting that the Supreme Court directed dismissal, "as abandoned," of the causes of action alleging a violation of Labor Law § 200 and, in effect, common-law negligence insofar as asserted against SHS Ralph, SHS Ralph contends that it is entitled to contractual indemnification, since its liability, if any, under Labor Law § 240(1) would be vicarious only, as owner of the premises. This contention is without merit. On its cross-motion for summary judgment, SHS Ralph failed to "affirmatively demonstrate that it was free from negligence" (Crutch v 421 Kent Dev., LLC, 192 AD3d at 982). The court directing dismissal, "as abandoned," of the causes of action alleging a violation of Labor Law § 200 and, in effect, common-law negligence insofar as asserted against SHS Ralph is not an affirmative demonstration that SHS Ralph was free from negligence. Moreover, the negligence, if any, of SHS Ralph remains an issue to be resolved by the trier of fact in light of the cross-claims asserted against it (see generally Armentano v Broadway Mall Props., Inc., 70 AD3d 614).
The parties' remaining contentions are without merit.
Accordingly, we affirm the order insofar as appealed and cross-appealed from.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court