# O'Brien v One Penn Plaza LLC

2025 NY Slip Op 32396(U)

July 8, 2025

Supreme Court, New York County

Docket Number: Index No. 159124/2019

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. ARLENE P. BLUTH</u>     PART            14

*Justice*

-------------------------------------------------------------------------------X

PAUL O'BRIEN,

                       Plaintiff,

                 - v -

ONE PENN PLAZA LLC, AMBASSADOR CONSTRUCTION
COMPANY, INC.,

                       Defendants.

-------------------------------------------------------------------------------X

ONE PENN PLAZA LLC, AMBASSADOR CONSTRUCTION
COMPANY, INC.

                     Plaintiffs,

               -against-

ABCO PEERLESS SPRINKLER CORP., ABCO PEERLESS
CORPORATION

                     Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159124/2019 |
| MOTION DATE | 06/24/2025 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595513/2020

The following e-filed documents, listed by NYSCEF document number (Motion 003) 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 108, 124, 126, 127, 128, 129, 130, 131

were read on this motion to/for              JUDGMENT - SUMMARY          .

        Defendants' motion for summary judgment is decided as described below.

**Background**

        In this Labor Law action, plaintiff was working at a construction site located at One Penn

Plaza in Manhattan when he contends that fell on a metal vacuum hose while stepping off the

lowest rung of a ladder on February 11, 2019. Plaintiff testified that he was working with his

father, who was also his supervisor, installing sprinkler systems at the time of his accident

(NYSCEF Doc. No. 94 at 42). He worked for "ABCO Peerless" (*id.* at 51). There are two parties

**159124/2019 O'BRIEN, PAUL vs. ONE PENN PLAZA LLC**
**Motion No. 003**

Page 1 of 8

[* 1]

named as third-party defendants: ABCO Peerless Sprinkler Corp. and ABCO Peerless Corporation (collectively, "ABCO"). The companies seem to be closely related, and the parties do not distinguish between the two entities in any meaningful way.

Plaintiff was tasked with setting up sprinkler heads in a particular room, which first involved installing pipes for the sprinklers (*id*. at 86). At the time of the accident, plaintiff testified that he saw debris such as ductwork, studs, framing equipment and other items throughout the room where he was working (*id.*). The accident occurred while plaintiff was coming down the ladder after installing a piece of pipe (*id.* at 98-99). His father cut pieces of the pipe and then handed plaintiff these pieces to be installed (*id.* at 102). Plaintiff explained, "[s]o I was coming off the ladder and I stepped off with my left foot and I stepped on something. It went forward. I went back hard. My upper back and middle back hit the floor hard and my head snapped and, you know, my head hit the ground with my hard hat on" (*id.* at 106). "…[T]he vacuum hose rolled forward and I went backwards" (*id.* at 107).

Plaintiff brought this action against property owner One Penn Plaza LLC and general contractor Ambassador Construction Company Inc. ("Ambassador") for violations of Labor Law §§ 241(6), 240(1), and 200 as well as for common-law negligence. Defendants brought a third-party action against ABCO for contractual indemnification, common-law indemnification, contribution, and breach of contract for failure to procure insurance.

The Court granted summary judgment in favor of plaintiff in MS 002 on his Labor Law § 241(6) claim, finding that there was a violation of Industrial Code § 23-1.7(e)(2), which requires that working areas be kept free of dirt, debris, and from scattered tools and materials. The Court also ruled that Industrial Code § 23-1.7(d) was inapplicable as plaintiff testified that he stepped

**159124/2019   O'BRIEN, PAUL vs. ONE PENN PLAZA LLC**
**Motion No.  003**

**Page 2 of 8**

2 of 8

[* 2]

down onto a hose which caused him to lose his balance – a set of facts inconsistent with a "slippery" condition.

Here, in MS 003, defendants seek summary judgment dismissing plaintiff's claims pursuant to New York Labor Law §§ 200, 240(1) and 241(6) and common-law negligence. Defendants also seek summary judgment on their claims against ABCO for contractual indemnification, common-law indemnification, contribution, and breach of contract.

**Discussion**

Plaintiff's Claims Under Labor Law §§ 241(6), 240(1), and 200 and Common-Law Negligence

This Court granted summary judgment on liability only on plaintiffs' Labor Law § 241(6) claim based upon a violation of Industrial Code § 23-1.7(e)(2). Plaintiff does not oppose defendant's motion with regard to dismissing his 241(6) claims as to all other Industrial Code sections. Therefore, the part of defendant's motion to dismiss plaintiff's 241(6) claim based on defendants' violation of Industrial Code § 23-1.7(e)(2) is denied, but the part of defendants' motion which seeks summary judgment dismissing plaintiff's 241(6) claims based on the violation of Industrial Code sections 23-1.5, 23-1.7(d) and (e)(1), 23-1.8, 23-1.10, 23-1.12, 23-1.13, 23-1.21, 23-1.25, 23-1.30, 23-2.1, 23-3, 23-4, 23-5 and 23-6 is granted without opposition.

Defendants also seek to dismiss plaintiff's claims based on the violation of Labor Law §§ 240(1) and 200 as well as for common-law negligence. Plaintiff does not oppose that either. The Court therefore grants the part of defendants' motion seeking to dismiss these claims.

Failure to Procure Insurance and Common-Law Contribution and Indemnification

Defendants also ask the Court to grant summary judgment on their claims against ABCO for breach of contract for failure to procure insurance, common-law indemnification, and

**159124/2019   O'BRIEN, PAUL vs. ONE PENN PLAZA LLC**
**Motion No.  003**

**Page 3 of 8**

3 of 8

[* 3]

contribution. Defendants, however, never address the substance of these claims in their papers beyond asking that the Court grant summary judgment on them. The Court therefore denies the part of defendants' motion which seeks summary judgment for breach of contract for failure to procure insurance, for common-law indemnification, and for contribution.

Contractual Indemnification

"[A] party to a contract who is a beneficiary of an indemnification provision must prove itself to be free of negligence" (*Reynolds v County of Westchester*, 270 AD2d 473, 474 [2d Dept 2000]).

It is undisputed that at the time of plaintiff's accident there was a valid indemnification provision in effect between Ambassador and ABCO whereby ABCO would indemnify Ambassador for injuries that arose out of ABCO's work. Defendants contend that they are free from negligence and therefore the Court should grant the part of their motion which seeks contractual indemnification from ABCO. ABCO, on the other hand, claims that defendants have not shown themselves to be free of negligence.

Defendants claim that plaintiff's accident arose out of the work performed by ABCO and was not due to defendants' negligence. Defendants' argument is essentially that ABCO did not properly inspect the area where plaintiff was working and notify Ambassador, so defendants were not negligent and therefore are entitled to contractual indemnification from ABCO. In support of this contention, defendants point to the testimony of Michael Randazzo, ABCO's project manager and superintendent.

Mr. Randazzo testified that, "ABCO fitters walk into the room and they make sure there's no debris directly underneath them, but they don't move debris. Um, the GC laborers are in charge of keeping the place organized and, um, clean" and that if ABCO's journeyman or

**159124/2019   O'BRIEN, PAUL vs. ONE PENN PLAZA LLC**
**Motion No.  003**

**Page 4 of 8**

4 of 8

[* 4]

foreman observed debris directly underneath "[t]hey would notify the GC" (NYSCEF Doc. No. 97 at 34-35). Later in his testimony, Mr. Randazzo stated that it was not ABCO's custom and practice to clear the floor of debris before they perform their work; "[i]t would be the laborers for the general contractors responsibility to have the work site cleaned of debris" (*id.* at 39). Mr. Randazzo also testified that the vacuum wand that caused plaintiffs accident was not ABCO's; it was Ambassador's (*id.* at 41).

ABCO contends that defendants have failed to establish that they were free from negligence because Ambassador had a duty to walk the site to ensure safety and to eliminate dangerous conditions and failed to do so. ABCO counters that defendants' reliance on Mr. Randazzo's testimony is misguided; while Mr. Randazzo does say that ABCO would make sure there was no debris directly below them, he also said that it was Ambassador's duty to clear the floor of debris.

ABCO points to deposition testimony from John Duffy, project manager at Ambassador where he testified that Ambassador "…would be there to, um, clean up the space. Um, basically, that is all that their job would be" (NYSCEF Doc. No. 96 at 22). Mr. Duffy testified that he did not remember if he was at the site on February 11, 2019, the day of the accident, on February 12, 2019, the day after the accident, and he did not recall the last time that he was on the job site before February 11, 2019 (*id.* at 29). Mr. Duffy also testified that Ambassador did not have any full-time employees on the job site, and that he was likely the Ambassador employee who spent the most time at the job site (*id.* at 14). Mr. Duffy further testified that Ambassador had vacuums and that the vacuums had wands (*id.* at 23). When asked specifically if he believed that the vacuum wand that caused plaintiff's accident was from Ambassador's shop vac, he responded, "I believe it was" (*id.* at 85).

**159124/2019   O'BRIEN, PAUL vs. ONE PENN PLAZA LLC**
**Motion No.  003**

**Page 5 of 8**

Ambassador's own witness testified that Ambassador's job was to keep the area clear of debris and that the vacuum wand that plaintiff stumbled over belonged to Ambassador. That means that Ambassador has not shown that it was free of negligence, and the Court therefore denies the part of defendants' motion which seeks summary judgment for contractual indemnification against ABCO. The evidence on the record shows that Ambassador had a duty to keep the floors clear of debris, did not keep the floor clear of debris, and created the hazard that caused plaintiff's accident.

**Summary**

This Court already granted plaintiff's motion for summary judgment for liability on plaintiff's Labor Law § 241(6) claim predicated upon the violation of Industrial Code § 23-1.7(e)(2); therefore, the Court denies the part of defendants' motion seeking to dismiss this particular claim.

The Court grants the part of defendants' motion seeking summary judgment to dismiss plaintiff's Labor Law § 241(6) claim based on the violation of Industrial Code §§ 23-1.5, 23-1.7(d) and (e)(1), 23-1.8, 23-1.10, 23-1.12, 23-1.13, 23-1.21, 23-1.25, 23-1.30, 23-2.1, 23-3, 23-4, 23-5 and 23-6. Plaintiff did not oppose this part of defendants' motion. The Court also grants the part of defendants' motion seeking summary judgment dismissing plaintiff's claims based upon Labor Law §§ 240(1) and 200 as well as for common-law negligence. Plaintiff also did not oppose this part of defendants' motion.

The Court denies the part of defendants' motion seeking summary judgment on their claims against ABCO for common-law indemnification, contribution, and breach of contract for failure to procure insurance. Defendants did not include any discussion or analysis of these issues.

**159124/2019   O'BRIEN, PAUL vs. ONE PENN PLAZA LLC**
  **Motion No.  003**

**Page 6 of 8**

6 of 8

[* 6]

The Court denies the part of defendants' motion seeking contractual indemnification against ABCO. Ambassador did not meet its burden to show that it was free from negligence in plaintiff's accident.

Accordingly, it is hereby

ORDERED that the part of defendants' motion seeking to dismiss plaintiff's Labor Law § 241(6) claim for the violation of Industrial Code § 23-1.7(e)(2) is denied; and it is further

ORDERED that the part of defendants' motion seeking summary judgment to dismiss plaintiff's Labor Law § 241(6) claim based on the violation of Industrial Code §§ 23-1.5, 23-1.7(d) and (e)(1), 23-1.8, 23-1.10, 23-1.12, 23-1.13, 23-1.21, 23-1.25, 23-1.30, 23-2.1, 23-3, 23-4, 23-5 and 23-6 is granted without opposition and these claims are severed and dismissed; and it is further

ORDERED that the part of defendants' motion seeking summary judgment dismissing plaintiff's claims based upon Labor Law §§ 240(1) and 200 as well as for common-law negligence is granted without opposition; and it is further

ORDERED that the part of defendants' motion seeking summary judgment on their claims against ABCO for common-law indemnification, contribution, and breach of contract for failure to procure insurance is denied; and it is further

**159124/2019   O'BRIEN, PAUL vs. ONE PENN PLAZA LLC**
**Motion No.  003**

**Page 7 of 8**

ORDERED that the part of defendants' motion seeking summary judgment on their claim against ABCO for contractual indemnification is denied.

| 7/8/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**159124/2019   O'BRIEN, PAUL vs. ONE PENN PLAZA LLC**
**Motion No.  003**

**Page 8 of 8**

8 of 8

[* 8]